**Sarah Elfman, Plaintiff-Appellee, v. Evanston Bus Company, a Corporation, Defendant-Appellant.**

**Gen. No. 48,483.**

First District, First Division.

August 6, 1962.

Rehearing denied September 6, 1962.

470

Stephen Love, of Chicago, for appellant.

Seymour Velk and Sherwin J. Malkin, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from an order striking and dismissing its petition, filed under Section 72 of the Civil Practice Act, to vacate a default judgment.

On March 7, 1960 plaintiff filed her statement of claim against defendant, Evanston Bus Company, and Wanzer Dairy Company seeking damages for personal injuries sustained by her on September 6, 1958 while a passenger on defendant's bus at the time of a collision between the bus and a Wanzer milk truck. Plaintiff demanded a jury.

Both defendants were duly served with summons returnable March 22, 1960. On that date, an order of default was entered against both defendants for failure to appear.

On stipulation of plaintiff and Wanzer, the default order against Wanzer was vacated by court order on April 23, 1960 and Wanzer was permitted to file its appearance and answer instanter. The same order provided that "this cause be and the same hereby is postponed and set for pretrial conference on July 22, 1960."

By further stipulation of plaintiff, and on her motion, an order was entered on May 18, 1960 dismissing

471

the cause as to Wanzer. Wanzer is, therefore, not concerned with this appeal.

On the same day, the cause as to defendant, Evanston Bus Company, was submitted to a jury. After hearing evidence and argument of plaintiff's counsel, defendant being absent, a verdict was returned against defendant, assessing plaintiff's damages at $10,000. Judgment was entered on the verdict.

Execution was served on defendant on June 20, 1960, and on July 14, 1960 defendant filed its petition to vacate the judgment. Later, through the substituted attorney who is now representing defendant in this court, an amended petition and amendments thereto were filed. Plaintiff filed her motion to strike and dismiss, and, after hearing, the order appealed from was entered on March 6, 1961.

██ Before coming to the questions arising from Section 72, defendant argues that at the time of the ex parte jury trial there was no default order against defendant, and that, therefore, the court was without authority to proceed as it did. This point rests on the proposition that the order of March 22 defaulted both defendants as a unit, and that the order of April 23 consequently vacated the default as to both defendants, requiring a new order of default against Evanston Bus Company if that defendant were to be effectively defaulted.

We find no validity in this argument. The language of the court was that "the order of default heretofore entered against Wanzer Dairy Co. on March 22, 1960 be and the same hereby is vacated." These words are clear and unambiguous. The applicability of the order to one, and not both, of the defendants is unmistakably authorized by Section 50(7) of the Civil Practice Act.*

---

* Ill Rev Stats, c 110, § 50(7) : "The fact that any order, judgment or decree is joint does not deprive the court of power to set it aside as to fewer than all the parties, and if so set aside it remains in full force and effect as to the other parties."

Furthermore, this point was not raised in the trial court, and, therefore, cannot be used by this court as a ground for reversal.

■ Defendant's amended petition and the two amendments thereto are, in combination, complete in themselves, and supersede the original petition. In our consideration of the sufficiency of defendant's pleading, we shall, therefore, disregard the original petition and answer, and the parts of plaintiff's arguments which are based thereon. (W. P. Iverson & Co., Inc. v. Dunham Mfg. Co., 18 Ill App2d 404, 425, 152 NE2d 615; Riddle v. Riddle, 23 Ill App2d 260, 161 NE2d 866.)

■ ■ The issue of the legal sufficiency of defendant's petition was properly raised by the filing of a motion to strike (Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 239, 172 NE2d 512) and such a motion must be taken to have admitted all well-pleaded allegations of fact. (Lichter v. Scher, 4 Ill App2d 37, 41, 123 NE2d 161.)

Further in regard to the rules governing determination of appeals in this type of case, we quote from the opinion in Harder v. Advance Transp. Co., Inc., 26 Ill App2d 439, 441, 168 NE2d 777:

> "In a case of this character, involving a default judgment, if the Court has jurisdiction of the parties and of the subject matter, the Trial Court's action in declining to vacate a judgment after 30 days from the entry thereof will not be reversed unless there has been an abuse of its sound judicial discretion, and the burden was on the defendant-appellant to show affirmatively both due diligence to protect its rights or lack of negligence on its part in not presenting its alleged defense in apt time, and a meritorious defense—a showing of an alleged meritorious defense, alone, is not sufficient: (Citing cases.) A motion to set aside a final judgment of a court having jurisdiction is of seri-

473

ous import and the maintenance of stability requires it be so treated."

See also Lamoreaux v. Havranek, 25 Ill App2d 51, 165 NE2d 547; Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525; Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill App2d 270, 181 NE2d 187.

■ The following allegations are set forth, in substance, in defendant's amended petition (filed July 22, 1960):

Defendant's attorney is a member of a law firm which is general counsel for defendant, and he has handled its personal injury litigation for many years.

Defendant's attorney had negotiated with the attorney for plaintiff commencing August 1, 1959 with a view to agreeing upon a settlement. On September 1, 1959 plaintiff's special damages were stated to be $259 and a settlement demand of $4500 was made. This was rejected by defendant's attorney as excessive. Negotiations continued "intermittently thereafter."

When summons was served upon defendant in March, 1960, it was sent to defendant's attorney "for appropriate action." Believing that a settlement agreement could be reached, and that opposing counsel would not take advantage of him, defendant's attorney did not file an appearance.

On April 27, 1960 defendant's attorney checked the case records at the clerk's office, noted the order of April 23, 1960 (referred to above) and concluded that the case would not be tried until July 22, 1960; that he would have until that date to negotiate a settlement; and that if an agreement were not reached by that date he would have

ample time to file an appearance and pleading for defendant.

Defendant's attorney is a member of the Illinois General Assembly, and on some thirteen days in May, 1960 (including May 18) he attended a special session in Springfield. He was also out of the state on vacation from July 5 to July 16, 1960.

Defendant's attorney received no notice of the court proceedings of May 18, 1960. On July 7, 1960 one of his partners received a telephone call from plaintiff's attorney informing him of the entry of judgment on May 18. He then filed the original petition to vacate on July 14, 1960.

From defendant's investigation of the collision, it has ascertained that plaintiff's damages "were much less than $10,000," and "that it is doubtful whether (defendant) was guilty of any negligence that was the proximate cause of said collision and (defendant) denies that it was guilty of any such negligence."

In the first amendment to defendant's petition (filed August 12, 1960) it is alleged, in substance:

On May 18, 1960 plaintiff and her husband testified to $4,028.85 in medical expenses as a direct result of the collision. No other witnesses testified.

Through their false testimony, plaintiff and her husband conspired to practice fraud on the court, because most of the medical expenses were attributable to other causes. (Photostatic copies of various hospital bills of plaintiff were attached as exhibits.)

The first knowledge that defendant or its attorneys had of the ex parte judgment came with the service of execution on June 20, 1960.

475

In the second amendment to defendant's petition (filed September 23, 1960) it is alleged, in substance:

The failure of defendant's attorney to file its appearance at the proper time was "excusable neglect."

The summons (returnable March 22, 1960) was received from defendant by its attorney on March 17, 1960, but he did not file an appearance because at that time and for over sixty days thereafter he "was under intense mental and nervous strain and distraction" brought on by the illness of his mother from December 1, 1959 to the time of her death on March 24, 1960. Because of this strain he also "overlooked and failed to remember that he had failed to file such appearance" until informed of the execution by defendant on June 22, 1960. Also because of this strain, when he examined the court file on April 23, 1960, defendant's attorney failed to notice the lack of defendant's appearance and the default order of March 22.

As can be seen from this recital, defendant's petition concedes that its attorney was negligent in failing to present its defense, but asks the court to decide that this neglect was excusable. The trial court found in the petition no justification for the failure of defendant's attorney to exercise minimal diligence, and we agree. ■■ Section 72 was "not intended to relieve a party from the consequences of his own mistake or negligence" (Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294), and it "is clearly established that negligence of an attorney will be imputed to the client." (Lamoreaux v. Havranek, 25 Ill App2d 51, 54–55, 165 NE2d 547; Nitsche v. City of Chicago, 280 Ill 268, 271, 117 NE 500.)

The mere fact that settlement negotiations were pending is an insufficient excuse for failing to file an

appearance. The filing of an appearance would certainly not have disrupted any such negotiations, and there are no allegations of fact charging plaintiff's attorney with a course of conduct designed to lull defendant's attorney into a false sense of security.* We recognize the importance of the decision in Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350, upon which defendant chiefly relies in this appeal. We believe we are applying the equitable principles which it declares to be appropriate to this type of case, but the factual differences in the two cases are so great that its result cannot be controlling here.

Nor do we consider that the press of other business, or absence from the city, or the mental strain involved in family illness and death, constitute sufficient justification for the lack of diligence shown by this record. If this attorney was unable to attend to the case, it was plainly his duty and the duty of defendant to employ another attorney who could attend to it. When counsel for defendant is a law firm and not an individual practitioner, the failure to arrange for the services of another attorney becomes even less excusable.

Other cases cited by defendant do not disturb our conclusion. Widicus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, In re Estate of Hoyman, 27 Ill App2d 438, 170 NE2d 25, and Dalton v. Alexander, 10 Ill App2d 273, 135 NE2d 101, involved petitions brought under Section 50 and not Section 72 of the Practice Act. In Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829, the court found no service of summons. Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d 512 and Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d

---

* Defendant's original petition included charges of that general nature, but, after verified denial by plaintiff's answer, that petition was abandoned.

525 are cases involving insurance companies and relate to the negligence of others than the defendant or the defendant's agents.

■ ■ Finally, there is the cross-appeal of plaintiff to reverse the part of the trial court's order which denied her motion for the taxing of reasonable attorneys' fees against defendant under Section 41 of the Civil Practice Act. It is claimed that defendant caused the filing in bad faith of a false original petition and thereby required plaintiff to file answer in denial, at considerable cost in time and effort.

This point is scarcely argued in plaintiff's brief, no authorities are cited, and the record furnishes us with no means of determining even the preliminary question of whether the petition was, or was not, false. The inclusion of the original petition and answer in plaintiff's additional abstract was proper for this purpose, but they are insufficient, standing by themselves. We cannot conclude that the court's order denying fees was an abuse of discretion.

The order of the trial court is affirmed in its entirety.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.