(No. 37527.—

SARAH ELFMAN, Appellee, *vs.* EVANSTON BUS COMPANY, Appellant.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

STEPHEN LOVE, of Chicago, for appellant.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal stems from an order of the municipal court of Evanston denying defendant's amended petition, filed 30 days after judgment time under section 72 of the Civil Practice Act, to vacate a $10,000 default judgment. The Appellate Court, after finding that defendant's counsel had been guilty of inexcusable neglect in failing to present a defense, affirmed the order of the trial court. (*Elfman* v. *Evanston Bus Co.,* 36 Ill. App. 2d 469.) We have granted defendant's petition for leave to appeal in order to further review the matter, and it may be stated at the outset that we are fully in accord with so much of the opinion of the Appellate Court which holds, first, that the issues on appeal are confined to those raised by defendant's amended petition, as amended, thus rendering superfluous and irrelevant plaintiff's arguments based on defendant's original, or superseded petition, and, second, that plaintiff's motion to strike the amended petition must be taken to have admitted all well-pleaded allegations of fact. (See: 36 Ill. App. 2d 469, at 473.) The issue presented is whether the amended petition and its supporting exhibits and affidavits, not denied and therefore taken as true, adequately set forth sufficient facts to show that the trial court abused its discretion in denying the petition.

Facts derived from the amended petition show that on September 6, 1958, the plaintiff, Sarah Elfman, while a passenger on a bus owned and operated by defendant, the Evanston Bus Company, was injured in a collision between the bus and a truck of the Wanzer Dairy Company. Later in the month she was examined by an orthopedic specialist, (to whom she gave a history of having been thrown with great force against a seat when a bus, in which she was standing, stopped suddenly,) and it was the doctor's diagnosis that she was suffering from (1) a whiplash injury superimposed on pre-existing osteoarthritic changes, and

(2) lumbrosacral strain superimposed on pre-existing osteo-arthritis. On October 21, 1958, plaintiff's attorney sent a copy of the orthopedist's report to defendant's attorney along with a letter expressing a desire that the matter be settled amicably. Later, in August, 1959, plaintiff's counsel wrote a letter referring to a prior telephone conversation and making a formal demand of settlement in the amount of $4500. The matter was next discussed by counsel over the telephone on September 1, 1959, at which time plaintiff's counsel represented that his client's medical bills totalled $259, and enumerated the bills included in such figure. Defendant's counsel, in turn, advised that he felt the settlement demand of $4500 was too high in view of the small amount of special damages.

Thereafter, on March 7, 1960, plaintiff's counsel initiated the present action in the municipal court of Evanston naming the bus company and Wanzer Dairy as defendants, and both were duly served with summons returnable March 22, 1960. Defendant, in accordance with its usual practice, sent its summons to its general counsel, the attorney who had been negotiating settlement. Neither defendant had filed an appearance by March 22 and, on that date, a default order was entered against both. In defendant's amended petition it is alleged that its counsel was preoccupied at the time with the fatal illness of his mother who succumbed from cancer on March 24, 1960, two days after the summons return date. Further, the petition alleges that counsel's mother had been seriously ill since December 1, 1959, having been hospitalized and operated on, that he was in daily attendance on his mother, and that she lapsed into an intermittent coma on March 12, 1960, which lasted until her death, all of which produced nervous and mental strain on counsel and distracted him from his normal practice of law.

On April 23, 1960, as the result of a stipulation between plaintiff and Wanzer, the default order was vacated as to

612

Wanzer and the latter permitted to file its appearance and answer instanter. At the same time it was ordered that "this cause be and the same is hereby postponed and set for pre-trial conference on July 22, 1960." Defendant's amended petition alleges that while its attorney was in the court on another matter shortly after April 23, 1960, he examined the docket in the clerk's office, noted the date set for the pretrial conference and later marked such date on a trial calendar maintained in his office, relying upon the entry in the clerk's docket as assurance that the matter could not be tried before July 22, 1960. Again, the petition alleges that the strain produced by his mother's death and the burdens placed upon him, caused counsel to overlook that he had not filed defendant's formal appearance.

The next events occurred on May 18, 1960, two months before the date set for pretrial conference, when, on plaintiff's stipulation and motion, an order was entered dismissing the cause as to Wanzer. On the same day, while a visiting county judge was sitting on the bench, and without notice to defendant, a jury was empaneled and after hearing evidence and argument on plaintiff's behalf, returned a verdict against defendant for $10,000, upon which judgment was entered. Defendant's amended petition alleges that its counsel, a member of the legislature, was on May 18, 1960, and for several days prior and subsequent thereto, in Springfield, Illinois, attending a special session of the legislature. Further, the petition alleges that at the *ex parte* trial on May 18, 1960, plaintiff introduced into evidence bills for hospital and medical expenses totalling $4,028.25, a portion of which were for services in connection with an operation for the removal of the gall bladder to which the plaintiff submitted on May 6, 1959, and much of which was for hospitalization and treatment for a mental condition for which plaintiff was treated between September 18, 1959, and February 28, 1960. These expenses, the amended petition alleges, had no relation to the injuries

suffered in the bus accident, and were introduced in evidence in furtherance of a conspiracy entered into by plaintiff and her husband to practice fraud on the trial court. We think it significant to note in passing that plaintiff's counsel, in detailing the items of special damages to defendant's attorney during their conversation of September 1, 1959, made no mention of the expenses incurred for the gall bladder operation in May, 1959.

Execution on the judgment was delayed until June 20, 1960, and it is alleged in the amended petition that such delay was deliberate for the purpose of keeping knowledge of the judgment from defendant until the 30-day period after judgment had expired. (See: Ill. Rev. Stat. 1959, chap. 110, par. 50(6).) Upon being served with the execution, defendant immediately forwarded it to the office of its attorney, who thus learned of the judgment for the first time. On July 14, 1960, a petition to vacate the judgment was filed in defendant's behalf, and, later, following a substitution of attorneys by defendant, an amended petition and amendments thereto were filed. As previously noted, plaintiff filed a motion to strike and dismiss and, after hearing, the amended petition was denied.

Since our decision in *Ellman* v. *De Ruiter*, 412 Ill. 285, subsequently adopted by the legislature (Laws of 1955, p. 2270,) it has become certain that a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances.

A consideration of the record here impels the conclusion that plaintiff will gain an unconscionable advantage unless the default judgment is vacated. The allegations of defendant's amended petition, which stand admitted, show a meritorious defense to the greater portion of the special damages for which recovery was allowed. But what is more important are those allegations which suggest that an unfair

advantage, to say the least, was worked upon the defendant and the court. When, on September 1, 1959, plaintiff advised defendant that her special damages totalled $259, no mention was made of the medical and hospital expenses for the gall bladder operation performed May 6, 1959, nor was there any suggestion that a causal relation existed between the bus accident and the need for such an operation. Yet, at the trial, the expenses attendant to that operation were introduced in evidence as elements of damage for which defendant was liable as a result of the accident. The mere fact that a defendant is defaulted does not give to the plaintiff a right or claim to the assessment of damages unrelated to liability and, under the circumstances here, it would appear that such an advantage was knowingly and intentionally taken of both defendant and the trial court. Under the *Ellman* doctrine, we believe that fairness and justice required the exercise of equitable powers to obtain relief from a judgment so obtained.

While not completely controlling or conclusive, further casting a cloud on the proceedings was the conduct of plaintiff in delaying execution until after 30 days from judgment had expired, (*Jansma Transport, Inc.* v. *Torino Baking Co.* 27 Ill. App. 2d 347; *Dann* v. *Gumbiner,* 29 Ill. App. 2d 374,) and the precipitate manner in which damages were assessed, without an attempt to notify defendant. Although defaulted, where the action is in tort or for an unliquidated claim or amount, a defendant nonetheless has the right to be heard on the matter of damages. (*Straus* v. *Biesen,* 242 Ill. App. 370; *Tierney* v. *Szumny,* 257 Ill. App. 457; 23 I.L.P., Judgments, secs. 59, 60.) "While it has been stated broadly that a litigant by his attorney must note the progress of his case in court and is not entitled to notice except as prescribed by law, as, [sic] a general rule, except for compelling reasons, it is essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken." (66 C.J.S., Notice, sec. 14,

p. 652.) Again, as was cogently said in *Jansma Transport, Inc.* v. *Torino Baking Co.* 27 Ill. App. 2d 347, 354: "Something more than the morals of a medieval market may reasonably be expected in the conduct of litigation." Since defendant did have the right to be heard on the issue of damages, we think basic fairness would require that at least informal notice should have been given of the step plaintiff proposed to take. Here it assumes even greater significance in light of the vast difference between the special damages represented before trial and those introduced into evidence at the trial.

Under all of the circumstances, it is our opinion that the amended petition and its supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court and that, in justice and fairness, defendant should be given an opportunity to appear and defend on the issue of damages.

Accordingly, the order of the municipal court of Evanston and the judgment of the Appellate Court which affirmed it are reversed and the cause is remanded to the municipal court with directions to deny the plaintiff's motion to strike and dismiss the defendant's amended petition under section 72 of the Civil Practice Act and to proceed consistently with the views expressed in this opinion.

*Reversed and remanded, with directions.*