Leo Boughton, Plaintiff-Appellant, v. Leo Jones, Defendant-Appellee.

Gen. No. 52,120.

First District.

July 22, 1968.

Rehearing denied August 5, 1968.

Harry B. Aron, of Chicago, for appellant.

Seaberry & McDowell, of Chicago (James J. Seaberry, of counsel), for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Issue having been joined, neither the defendant nor attorney for him appeared at the trial. Jury verdict and judgment of $18,000 in favor of the plaintiff and against the defendant followed in the original personal injury suit. Defendant filed his verified petition under Ill Rev Stats 1965, c 110, § 72, to vacate the judgment. Plaintiff filed a verified answer. The defendant and other witnesses were sworn and examined on the issues made by the petition and answer. This is an appeal from the allowance of the petition and the entry of an order vacating the $18,000 judgment.

Upon receipt of summons in the personal injury suit, the defendant forwarded it to his insurance company and its attorneys entered an appearance and filed an answer. The defendant responded to interrogatories and appeared for a deposition taken by the plaintiff. Subsequently the insurance company was taken over by the Director of Insurance for rehabilitation and subsequent liquidation. The attorney for the insurance company withdrew from the case without notice to the defendant. The Director of Insurance appointed a second firm of attorneys to protect the interests of some 1,500 insured defendants. Subsequently they withdrew by a general order permitting withdrawal in all of these cases. The record is in dispute as to whether or not the defendant was notified of their withdrawal. In any event, it is unequivocally established that the second firm of attorneys was never employed by the defendant nor did he ever consent to substitution. The record is barren of any evidence that he ever had any notice of the jury trial and he testified that he knew nothing about it. If notice of the trial was given to any attorneys, it was given to attorneys not authorized to represent him and it is transparently clear that neither they nor anyone appeared for him at the trial. The trial court held that

he was entitled to select his own attorney and to be represented and that justice and equitable fairness required that the judgment be vacated.

 Unless the evidence shows fraud, mistake or fundamental unfairness on the part of the plaintiff, a collateral attack upon a final judgment is stillborn. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719. Where conduct on the part of the plaintiff in proving up damages wholly unrelated to the accident was involved, the Supreme Court held that the plaintiff had taken unfair advantage of both the defendant and the court. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348. There is in this record no suggestion of fraud, overreaching, or unconscionable behavior on the part of the plaintiff or the court. The vitality of this judgment is not denigrated by the conduct of either.

 It is but a monotonous litany to say that the burden is on the petitioner to prove his right to relief under section 72 and to establish that his predicament is not the consequence of his own neglect. We think the judgment in this case is the mongolistic child of a trilogy of mistakes. The trial judge in the original case undoubtedly believed that the defendant was represented by counsel and had notice of the jury trial. In this, he was mistaken. Likewise, the plaintiff's attorney must have believed that the defendant had notice of the trial setting and was properly represented by counsel. He was mistaken. The defendant must have believed that he was represented and would receive notice of any required appearances in court. He was mistaken. If either of the defendant's attorneys had notice of the trial setting, neither appeared. If the second attorneys had notice of the setting, it was notice to nobody with authority. In Jacobson v. Ashkinaze, 337 Ill 141, 168 NE 647, in a case somewhat similar to the one at bar, the Supreme Court said at page 649 of the Northeastern citation:

"... An attorney acting without authority cannot by his acts in court bind a party to the suit, and a notice to such an attorney, only, is not notice to the party. A judgment rendered under such circumstances may be vacated even after the term of its rendition has expired. Thomson v. Patek, 235 Ill 341, 85 NE 603."

In the same case, 168 NE 647, 649, the court said:

"... Obviously, if these facts had been known the court would not have rendered judgment against a party who had no notice of the reinstatement of the cause and was not chargeable with such notice. . . ."

These facts known to the trial court would have precluded the entry of the original judgment and required different action on the part of the court. A judgment entered without a proper opportunity to be heard is not defensible.

Stability of judgments requires not only that a defendant must have reasonable opportunity to appear and defend, but likewise requires that he diligently avail himself of those opportunities. This is true either before or after judgment. The national anthem of equity jurisprudence concludes with the ringing phrase that equity favors the diligent. What then was the conduct of the defendant after knowledge of the judgment?

██ ██ An execution was not issued until about 40 days after the judgment and was not served until August 4. These are circumstances which have been said to cast a cloud upon the proceedings. Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829; Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350. The record is silent as to just when the defendant employed his present attorney. He was served with citation to discover assets returnable September 9. On this date, his present attorney appeared before the court and agreed that a rule to show cause on such citation could

400

be made returnable November 9, 1966. On September 30, 1966, the defendant filed his present petition to vacate the original judgment. While it might well be said that the service of the execution on the defendant would have alerted a prudent man into some action, the fact remains that the service of the citation moved him to immediate action, to the employment of an attorney and to an appearance in court. The trial court heard and saw the witnesses. It is apparent that he concluded the defendant had not displayed an indifference to or disregard for court process. The record shows nothing as to this man's experience, education or training or his knowledge of judicial procedure. The trial court was satisfied that he had acted in good faith and with prompt dispatch when required to do so. It was stated in Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill App2d 270, 273, 181 NE2d 187, 189, that a petition filed within 30 days is ". . . addressed to the sound legal discretion of the court, the invocation of which must be preceded by an adequate showing, so far as the past is concerned, that there is a reasonable excuse for the delay, and, so far as the future, that a meritorious defense can be made. . . ." It was there held that a reviewing court ought not substitute its judgment for the trial court unless there is a palpable abuse of discretion. That philosophy is persuasive here as well as the fact that the burden of proof under CPA § 72 is clearly on the movant and is here adequately maintained. The petition and affidavit of the defendant shows a meritorious defense. On this record, we therefore conclude that the judgment of the trial court in this case is correct. Accordingly, the order of the trial court vacating the default judgment is affirmed.

Affirmed.

TRAPP and CRAVEN, JJ., concur.