**Dolores Glenn, Plaintiff-Appellant, v. Richard Saettone, Defendant-Appellee.**

**Gen. No. 53,304.**

First District, Second Division.

January 28, 1969.

Oscar Wyclif Harman, of Chicago (Vincent C. Lopez, of counsel), for appellant.

Kenneth J. Brundage, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On March 1, 1963, Dolores Glenn filed a three-count complaint against Richard Saettone. On February 19,

1968, a judgment on a verdict in an ex parte hearing for $25,000 was entered against the defendant. On April 24, 1968, a motion to vacate the judgment supported by an affidavit by authority of § 72 of the Civil Practice Act was filed. On April 29, 1968, the judgment was vacated. Plaintiff, appealing, asks that the judgment for $25,000 be reinstated. The issue presented for review is whether the court abused its discretion in sustaining the motion to vacate the judgment.

Counts I and II seeking relief in equity, allege that plaintiff refused to marry defendant and that defendant and a female person who impersonated the plaintiff on April 11, 1962, went through the ceremony of a pretended marriage; that the forgery on the application for the marriage license is "more perfect than the genuine handwriting" of plaintiff; that the defendant harassed, molested and unlawfully interfered with plaintiff with the intent to terrorize her; that about Sept. 3, 1962, defendant sent pornographic matter to plaintiff's employer, friends and associates at her work; that about Sept. 12, 1962, and at other times he sent additional pornographic matter to associates and friends of plaintiff; and that the pornographic matter simulated pictures of the plaintiff which depicted her as a vulgar person "and was calculated to terrorize the plaintiff." In Counts I and II plaintiff prayed for an injunction restraining defendant from molesting her, entering upon the premises where she resides or is employed, distributing pornographic matter referring to her, and holding himself out as her husband, and that the simulated marriage be annulled. Count III, at law, realleges the averments of Counts I and II and additionally states that on Jan. 15, 1962, she was the owner of certain clothing and personal effects stored with her brother in Gary, Indiana; that on this day defendant was allowed to be alone in her brother's home for a short space of time and that he wilfully and maliciously slashed, cut and destroyed all

of her wearing apparel and personal effects worth in excess of $1,500; that on February 8, 1963, the defendant was able by subterfuge to steal plaintiff's keys to her apartment and on that day entered her apartment in Chicago and stole her personal effects, jewelry and clothing worth in excess of $4,500. She asked damages of $100,000.

Defendant filed an appearance and jury demand and an answer to the complaint. The answer was stricken. He filed an amended answer wherein he said that he sought the hand of plaintiff in marriage and that he was ready, willing and able to marry plaintiff; that he was married at Chicago on April 11, 1962, "to a female person, not the plaintiff"; that the marriage was contracted by the defendant and "this female person" without any desire to simulate a marriage with plaintiff and he denied that he ever used any marriage record tending to embarrass plaintiff and denied that he confessed to plaintiff that he ever claimed to be married to her. He denied that he used any false records to embarrass plaintiff at her place of employment. He denied any knowledge or information as to whether plaintiff owned clothing and personal effects in Gary, Indiana. He denied all the other material allegations of the complaint.

On May 13, 1963, the court, without resistance from defendant, entered an order awarding an injunction directing that the defendant refrain from molesting plaintiff, entering upon the premises of plaintiff or going near the plaintiff in her home or place of employment, distributing pornographic matter referring to plaintiff, holding himself out as the husband of plaintiff or in any way interfering with plaintiff. On June 4, 1963, the Chancellor entered a decree disposing of Counts I and II of the complaint. The decree found and adjudged that the plaintiff did not participate in the application for the marriage license or the marriage performed on April 11, 1962; that the marriage be null and void "insofar as it may

affect the plaintiff"; denied plaintiff's motion to strike the answer, made permanent the injunction theretofore issued and transferred Count III to the common-law side of the court.

On February 16, 1968, the cause was assigned to the call of Judge Donald S. McKinlay for trial. On February 19, 1968, Attorney John L. White was given leave to withdraw as attorney for defendant. On that same day, immediately following the withdrawal of Attorney White, plaintiff made an ex parte prove up before a jury and a judgment for $25,000 was entered against the defendant. On April 24, 1968, defendant filed a motion to vacate the judgment. The affidavit supporting the motion set forth that defendant did not receive notice of the withdrawal of his attorney; that not until March 12, 1968, did he receive a handwritten memorandum from his attorney advising defendant that he had not heard from defendant for some time; that thereupon defendant communicated with his attorney, Mr. White, who then advised him for the first time that the matter was set before Judge McKinlay for Feb. 19, 1968, for trial and that he, White, had withdrawn his appearance as attorney for defendant; that Mr. White further advised defendant that Judge McKinlay had entered a judgment against him in the amount of $25,000; that until this time no notification had been received by defendant as to a trial, judgment or the withdrawal of his attorney; that he had presumed that he would be advised of the progress of the case; that thereafter he employed the services of Attorney Donald S. Frey, to have the judgment vacated; that on March 28, 1968, he was advised that attorney Frey had appeared before Judge Hermes in an effort to vacate the judgment; that Judge Hermes refused to hear the motion or denied the motion; that on March 25, 1968, defendant employed the services of Mr. Friedman, an attorney, to vacate the judgment; that prior to March 25, 1968, no effort had

been made to the knowledge of the defendant by the plaintiff to notify or attempt collection of the judgment; that defendant paid the requested retainer fee of $200 to Mr. Friedman; and that he has been advised that Mr. Friedman had been too busy to attend to the motion. Thereafter defendant employed Kenneth J. Brundage as his attorney and that the only knowledge of the judgment given to him by the plaintiff was of citation proceedings filed April 2, 1968, against the Bell Savings and Loan Association and The American National Bank and Trust Company. The motion asserted that the police officers who investigated the alleged theft from plaintiff's apartment would testify to facts contrary to allegations of the complaint and that the defendant could produce letters written to him by plaintiff which are contrary to the allegations of the complaint.

On April 29, 1968 the court ordered that the judgment of Feb. 19, 1968, be vacated and that plaintiff be given leave to file an answer to the petition within seven days. The amended answer presents a meritorious defense to the allegations of the complaint. The petition and the affidavit of the defendant also show that he exercised due diligence in opposing the entry of the judgment and in moving to vacate when he learned about it. He retained a succession of three attorneys within 38 days in an effort to vacate the judgment.

We find that the trial judge in vacating the judgment and affording the defendant his right to a trial of the issues exercised a reasonable discretion in accordance with the views of our Supreme Court in Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 and Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350. Therefore the order vacating the judgment is affirmed.

Order affirmed.

LYONS, P. J. and McCORMICK, J., concur.