**George F. Mueller & Sons, Inc., Plaintiff-Appellant, v. Jerry Morris and Jack David, Defendants-Appellees.**

**Gen. No. 53,906.**

First District, Fourth Division.

September 9, 1970.

J. Edward Jones, of Blue Island, for appellant.

Milton J. Kolman, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from an order vacating a default judgment entered against defendants and setting the case for trial.

On October 28, 1967, plaintiff filed a complaint alleging that defendants breached a contract which granted plaintiff an exclusive concession for a cigarette vending machine and claiming loss of profits in the sum of $5,563.12. In their answer defendants admitted that they had entered into a contract with plaintiff but alleged that the contract lacked mutuality and consideration and was no longer in effect since it had expired.

On April 15, 1968, a portion of defendants' answer was stricken by agreement, and defendants were given thirty days to answer or plead over. The record does not indicate which portions of the answer were stricken and which remained in effect.

On October 1, 1968, plaintiff filed a notice of motion in which it requested that a default judgment be taken against defendants "for want of answer." [1] The hearing on plaintiff's motion was transferred from Room 1307 to Room 1310 instanter. In Room 1310 a default judgment for $5,563.12 and costs was entered in favor of plaintiff.

On December 13, 1968, defendants filed a motion to vacate the default judgment, and a hearing was to be held thereon on December 23. However, due to the illness of defendants' counsel the motion was not heard.

On February 4, 1969, defendants filed a petition in support of their motion to vacate. The petition alleged that defendants had a meritorious defense to plaintiff's cause of action "in that there was a failure of consideration, rescission, lack of mutuality and a repayment of the supporting loan upon which the contract was based and acceptance by the plaintiff of the loan repayment." The

---

[1] Since only a part of the answer was stricken, defendants were not in default "for want of answer." Hawthorne Paper Sales Co. v. Kolf, 41 Ill App2d 346, 349, 190 NE2d 604.

petition also alleged that defendants had no notice of any hearing on October 1, 1968, the date on which the default judgment was entered; that plaintiff's counsel had set a deposition to be taken on October 11, 1968, at 1:00 p. m.; that defendants and their attorney were present; that plaintiff's counsel left a message that the deposition would not proceed; that plaintiff's counsel never informed defendants that a default judgment had previously been entered; and that defendants' attorney had been diligent. Plaintiff filed a motion to strike the petition, thus questioning only the legal sufficiency of the facts alleged in the petition. Hawthorne Paper Sales Co. v. Kolf, supra.

At the hearing on defendants' petition, which was considered as a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72) defendants' counsel stated that he never received notice of plaintiff's motion for default judgment; that defendants were not informed of the default judgment at the deposition scheduled for October 11, 1968; and that defendants first learned of the default in December 1968 when they were served with a citation to discover assets.

Plaintiff's attorney stated that he personally took the notice of motion for default to the office of defendants' counsel and that one of the girls at the desk initialed it. The notice was initialed "P.K." or "R.K." and signed Milton J. "Coleman" or "Koleman." The court noted that this was an incorrect spelling of the name of defendants' attorney which was Kolman. Defendants' counsel then told the court that none of the secretaries in the office had the initials "P.K." or "R.K." [2]

---

[2] In oral argument in this court plaintiff's counsel stated that when Mr. Schostok, who appeared for defendants in the trial court hearing, told the trial court that he did not have a secretary by the name of P.K. or R.K., he was referring to his own office and not to Mr. Kolman's office where the notice was allegedly served. This argument was not advanced to the trial

Plaintiff's attorney also told the court that he was not informed that defendants were present for the October 11, 1968, deposition. He introduced a copy of a letter which he allegedly sent to Mr. Kolman on October 8, 1968. The letter read:

"October 8, 1968

"Mr. Milton J. Kolman
"Attorney at Law
"33 N. La Salle Street
"Chicago, Illinois

"Dear Sir:
"I shall not be able to proceed with the deposition of Jerry Norris and Jack David on October 11, 1968 pursuant to the notice heretofore served upon you.

Very truly yours,"

The letter made no mention of the default judgment previously entered on October 1, 1968.

Based upon these circumstances, the court found that there was some question as to whether or not defendants' counsel had notice of the default hearing on October 1; that defendants' answer was on file although an unspecified portion of it was stricken by agreement; that plaintiff's notice of motion for default judgment stated that the hearing was to be held at 9:30 a. m. in Room 1307, when in fact judgment was entered at 1:00 p. m. in Room 1310; that plaintiff's correspondence of October 8 made no mention of the default judgment; and that plaintiff waited for more than thirty days before serving an execution or citation. The court vacated the October 1, 1968, default judgment and set the case for trial. It is from this order which plaintiff appeals.

---

judge who found that "counsel states that no one by that name [referring to the initials] is in their office." We are, therefore, precluded from considering this argument.

In Ellman v. De Ruiter, 412 Ill 285, 293, 106 NE2d 350, the court, in discussing the pattern of conduct followed by plaintiffs' attorney after default judgments were entered against defendant, stated:

> While there was no duty on the attorney to notify defendant of the default judgments, fair dealing would require that he inform defendant of the defaults when the question arose instead of pursuing a course calculated to keep the defendant in ignorance until the time he could make a direct attack on the judgments had expired. Somewhat similar conduct was condemned in McKiernan v. Taylor & Lynch Cartage Co., 263 Ill App 657. . . . Considering the record in its entirety, we agree with the Appellate Court that such conduct cannot be condoned and that defendant is entitled to relief. To prevent a failure of justice and a further suit in equity, we conclude, for the reasons previously set forth, that it is within the spirit of the Civil Practice Act, and within the scope of the function of the motion which has replaced the writ of error coram nobis, that defendant be given summary relief in this proceeding.

In Gary Acceptance Corp. v. Napilillo, 86 Ill App 2d 257, 230 NE2d 73, the court also referred to plaintiff's counsel's conduct after he had obtained a default judgment. The court stated at page 263:

> A further factor to be taken into consideration is the plaintiff's failure to levy an execution until after the thirty-day period had expired. We have had occasion to express our views on this common strategy. Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 354–355, 169 NE2d 829, 832. In that case we said (pp 354–355):

458

"While no duty is imposed upon a party or counsel to sue out an execution promptly in order to inform a defendant of a default within the thirty-day period, yet failure to do so is a circumstance which casts a cloud upon the entire proceeding. [Citation omitted.] On a petition to vacate, the court may properly take it into account in appraising the worth of the defense to the petition."

■ In the instant case the record supports the trial judge's findings. Defendants' petition alleged that they appeared for a deposition on October 11, ten days after the default judgment had been entered (a fact which, in itself, supports their allegation that they had not received notice of the motion for default judgment), and were advised that plaintiff's counsel had left a message that the deposition would not proceed. Plaintiff's counsel told the court that he had sent a letter, which defendants claimed was not received, which stated that he "shall not be able to proceed" with the deposition. This was allegedly mailed by him seven days after the default judgment. Under either set of facts there was a clear inference that the cause was still pending and that plaintiff's counsel for reasons best known to himself was not able to proceed. We do not consider this conduct "fair dealing" as enunciated in Ellman, supra.

The order vacating the default judgment of October 1, 1968, and setting the case for trial is affirmed.

Affirmed.

STAMOS, P. J. and ENGLISH, J., concur.