LIMAR-PINEHURST, INC., Plaintiff-Appellee, *v.* CHARLES L. WELTER *et al.*,
Defendants-Appellants.

Second District (2nd Division)    No. 74-274

Opinion filed June 3, 1976.—Rehearing denied July 7, 1976.

DIXON, J., dissenting.

Walsh & Fielding, of Chicago, for appellants.

Herrick, McNeill, McElroy & Peregrine, of Chicago, for appellée.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Lake County denying defendants' motion made under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) to vacate a judgment entered by the trial court.

On March 4, 1969, defendant, Charles and Dorothy Welter, entered into an installment contract with the plaintiff, Limar-Pinehurst, Inc., for the purchase of a vacant lot in Lake County. The contract contained the usual forfeiture clause.

By June 12, 1972, defendants were in default and an amendment to the contract was executed by the parties. In September of 1972 defendants again failed to make payments and none have been made since that date. On June 8, 1973, a notice of intent to declare a forfeiture was mailed to defendants by certified mail, return receipt requested. The return receipt indicated that delivery of the notice was made on June 11, 1973.

A declaration of forfeiture was executed by plaintiff on July 13, 1973, and recorded on August 9, 1973. On November 30, 1973, plaintiff filed a verified petition for declaratory judgment seeking to have defendants' interest in the property forfeited. Personal service was made on defendants on December 9, 1973. An appearance by Walsh and Fielding as attorneys for defendants was filed January 9, 1974. No answer or other responsive pleading was ever filed by defendants. On January 24, 1974, a notice of motion for default judgment was mailed to (and was thereafter received by) counsel for defendants. The motion stated that on February

5, 1974, plaintiff would move for a default judgment for failure of defendants to plead or answer. Counsel for plaintiff appeared on February 5 to present the motion to the trial court. No one appeared for defendants. The trial court continued the matter until February 15, 1974, then to February 27, and again to March 6. On March 6, after a hearing, the court defaulted the defendants and entered judgment forfeiting their interest in the subject land.

On May 13, defendants filed their petition to vacate the order of March 6. The defense attorney's attached affidavit set forth by way of defense the fact that plaintiff's notice of intent to declare forfeiture failed to demand possession of the premises. Defendants claim the notice was therefore fatally defective inasmuch as it failed to comply with the statutory notice required by section 3 of the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1973, ch. 57, par. 3.) As an additional defense, the affidavit asserted that forfeiture would be grossly inequitable considering the sum defendants had invested in the property compared to the total value of the property as set forth in the contract of sale.

In explanation of defendants' failure to contest the forfeiture prior to judgment, the affidavit stated that on January 8, 1974, defense attorney had received a telephone call from Charles Welter; that he authorized Mr. Welter to file an appearance in affiant's name, and asked Welter to forward all documents relating to the action; that Welter did not forward the documents; that affiant received the notice of motion for default but assumed it was for money due and owing and there was no defense against such money judgment; that affiant did not receive a copy of the judgment entered March 6; that a realtor who was trying to sell the property for defendants informed them that there was a title problem; that affiant thereafter, on April 26, 1974, discovered that default judgment had been entered on March 6.

A hearing was held, and the trial court denied defendants' section 72 petition to vacate the judgment for plaintiff.

Section 72 provides, under certain circumstances, for relief from final judgments up to two years after the judgment date. We have recently had occasion to review the purposes and circumstances which properly invoke a section 72 petition. We said:

> "The purpose of a petition under Section 72 is to enable a party to bring before the court facts not appearing of record which, if known to the court at the time of judgment, would have prevented its rendition * * *. In order to vacate a default judgment under this section, the petitioner must show (1) the existence of a meritorious defense and (2) freedom from negligence on his own part. * * *
>
> Where there is fraud or unfair conduct on the part of the

plaintiff, the second requirement—due diligence by defendant—need not be strictly enforced * * *." *In re Adoption of Barker*, 37 Ill. App. 3d 721 (1976).

Where such circumstances exist, the equitable powers of the court will be invoked to prevent an injustice. These guidelines distinguish a section 72 petition from a motion to vacate a default judgment within 30 days. Unless these standards are adhered to, no default judgment would become final for two years.

■■ The defendants' section 72 petition does not meet either of the above requirements. On appeal, defendants no longer contend that the notice of forfeiture given was insufficient. Defendants therefore waive this possible defense.[1] Rather, defendants apparently look for meritorious defense in the "unfairness" which would be suffered by defendants if they must forfeit both the property (reportedly worth $21,000) and the $8000 they have already paid toward the $11,000 purchase price thereof. Defendants cite no authority for the proposition that this constitutes a meritorious defense to a forfeiture, nor do they argue fraud, unfairness, or even inequality in bargaining position with respect to the underlying sales contract which provided for forfeiture as a consequence of purchaser's default. Under these circumstances, we find that defendants failed to set forth a meritorious defense.

■■ Similarly, defendants did not establish freedom from negligence in their failure to defend the action prior to judgment or within 30 days thereof. It is undisputed that since September of 1972, defendants have been in default on the contract; that they were served with notice of intent to declare a forfeiture in June of 1973; that in December of 1973, personal notice was had on defendants notifying them of the plaintiff's petition for declaratory judgment; that on January 24, 1974, notice of motion for a default judgment on February 5 was sent to (and received within a few days by) defendants' attorney. Nevertheless, no answer was filed and no one appeared on the February 5 date or on the dates of successive continuances (February 15, 22, and March 6). That this course of neglect was occasioned only in part by defendants' failure to keep their counsel fully informed (by forwarding the requested pertinent documents) and in part by an erroneous belief by defendants' attorney regarding the nature

---

[1] We note also that the June 8, 1973 notice apprised defendants that unless the defaults were cured "after thirty (30) days from the date of this notice" plaintiff would exercise its option under the contract to declare it forfeited, and further stated that plaintiff would take whatever legal action was necessary to reenter and take possession of the premises as provided in the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1973, ch. 57, par. 1 *et seq.*) As the Act does not preclude other lawful relief or remedy (see section 13 of that Act, Ill. Rev. Stat. 1973, ch. 57, par. 13), it was unnecessary for plaintiff to make a written demand for possession as required in section 2(5) of the Act. Plaintiffs properly sought an alternative form of relief—a declaratory judgment of forfeiture—which does not require a demand for possession.

of the default sought, does nothing to negate the lack of due diligence amply evident on this record. It is clear that in the usual case a section 72 petitioner is bound by the negligence of his attorney. *Sora Loan Corp. v. Shlifka*, 2 Ill. App. 3d 137, 139-40 (1971).

■■ This is not a case where the fraud or unfair conduct of plaintiff softens the rigorous application of the due diligence standard. The defendants assert that the failure of plaintiff's counsel to notify defense counsel by phone or mail of continuance dates, or to supply defense counsel with a copy of the petition for declaratory judgment (even though one such copy had been served on defendants personally) constitutes a breach of professional courtesy. Such actions are not required by law. No case has been made that such is the customary practice in the community. Plaintiff did provide legal notice to the defendants of the nature of the action and the date on which the default hearing was to be heard. Moreover, defendants do not suggest that these alleged breaches were intended to mislead defense counsel or to conceal entry of the default judgment. These alleged professional breaches on the part of plaintiff are manifestly insufficient to constitute a fraud or unfair conduct, and do not justify this court's easing the due diligence requirement.

Defendants allege that since plaintiff did not advise defendants of the default judgment within 30 days of its entry, the judgment may be tinged with such unfairness as to warrant relaxation of the due diligence standard. We are aware of several cases in which the failure to give notice of, or to execute upon, a judgment within 30 days has been considered by courts to be a *factor* in determining whether plaintiff has acted so unfairly as to justify relaxation of the due diligence standard. *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 614 (1963); *George F. Mueller & Sons, Inc. v. Ostrowski*, 19 Ill. App. 3d 973, 979-80 (1974); *Hall v. Hall*, 15 Ill. App. 3d 599, 603 (1973); *George F. Mueller & Sons, Inc. v. Morris*, 128 Ill. App. 2d 454, 458-59 (1970); *Boughton v. Jones*, 98 Ill. App. 2d 396, 400 (1968); *Gary Acceptance Corp. v. Napilillo*, 86 Ill. App. 2d 257, 263 (1967).) However, as the *Elfman* court carefully pointed out, such factor is "not completely controlling or conclusive." (*Elfman*, at 614.) We have found no case which, on this factor alone, held the plaintiff's action so unfair as to warrant such relaxation. There are no statutory requirements which call for notice to be given on entry of a default judgment. To impose such requirements judicially would be improper and would ignore the clear implication of *Esczuk v. Chicago Transit Authority*, 39 Ill. 2d 464, 468-69 (1968), wherein the supreme court reaffirmed the duty of litigants to follow their own case in court. There the court affirmed the circuit court's refusal to reinstate a case where it was apparent that the section 72 dismissal resulted from the inadvertent failure of plaintiff to follow her

case and no circumstances indicated fraud or unconscionable behavior on the part of defendants.

■■ In the case at bar, the failure of defendants to defend was not, in fact, simple inadvertence. Here, the defendants had notice of the nature of the action and the date of the default prove-up. Defendants failed to adequately apprise their counsel of the nature of the action in their not forwarding the appropriate documents to him. Defense attorney could have appeared on February 5 to protect his clients' interests but elected not to, thinking this default was for monies due rather than for forfeiture of the subject property. The failure of defense counsel to appear and defend arose, therefore, not from inadvertance or from plaintiff's failure to provide notice, but from defense counsel's electing not to appear because of an erroneous concept of the nature of the action. As defense counsel labored under this mistaken belief until late April, we have no reason to believe that he would have appeared and defended on February 15, February 27, or March 6, even if plaintiff's counsel had volunteered the courtesy of calling defense counsel regarding the continuance dates. We do not find plaintiff's conduct of this litigation unfair or cause for relaxing the due diligence standard required for section 72 petitions.

In summary, we conclude that defendants' section 72 petition failed to allege facts that would show: (1) the existence of a meritorious defense (this alone would sustain the trial court's action); and (2) due diligence on the part of the defendants or actions on the part of plaintiff (*e.g.*, fraud, deception or unfair conduct) which would invoke the equitable powers of the court to grant relief.

For these reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

RECHENMACHER, J., concurs.

Mr. JUSTICE DIXON, dissenting:

Section 72 of the Civil Practice Act provides that relief may be obtained from final judgments after 30 days from their entry by means of a petition filed not later than two years after the date of judgment. The section abolishes former procedures for attacking final judgments and since 1955 is a codification of the Illinois Supreme Court decision in *Ellman v. De Ruiter*, 412 Ill. 285, where the court held that a petition under section 72 is addressed to the *equitable powers of the court and that such powers should be used to prevent injustice.* See Joint Committee Comments and Historical and Practice Notes, Ill. Ann. Stats., ch. 110, §72 (1968).

Section 72 contains no specific requirement that the neglect of a

defaulted defendant or his attorney be excusable. Corum Nobis did require there be no negligence on the part of the defendant. (*Jacobson v. Ashkinaze*, 337 Ill. 141, 146.) As a general rule, a bill of review, or a bill in the nature thereof will not lie on the ground of counsel's absence, negligence, mistake, or unfaithfulness, *but in exceptional cases the court may entertain a bill on such grounds*. (30A C.J.S. *Equity* §643, at 782.) In *Elfman v. Evanston Bus Co.*, 36 Ill. App. 2d 469, 476, the appellate court after agreeing with the trial court finding of negligence by defendants' attorney went on to affirm the propositions that section 72 was "not intended to relieve a party from the consequences of his own mistake or negligence" and it "is clearly established that negligence of an attorney will be imputed to his client." *The appellate court was reversed*. 27 Ill. 2d 609.

In reversing the Supreme Court did not discuss the negligence of defendants' attorney and did not comment on the finding of the appellate court that he was in fact negligent. The court stated, "Since our decision in *Ellman v. De Ruiter*, 412 Ill. 285, subsequently adopted by the legislature (Laws of 1955, p. 2270,) it has become certain that a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 613.

The trend of the courts is to subordinate the existence of excusable neglect to the primary goal of assuring that justice be served by affording the defaulted party his day in court. (See 52 Ill. B.J. 820 (1964).) If, under the circumstance of the case, "substantial justice" dictates that the judgment be set aside, then under *Ellman* it seems the court has the power to do so. (55 Ill. B. J. 820, 830 (1967).) "In short, as did the court in Stehman v. Reichhold Chemicals, Inc., 57 Ill. App. 2d 40, 206 N.E.2d 299, we interpret the Elfman and Ellman decisions to mean that even though there may have been a lack of due diligence in presenting a defense, a default judgment may nonetheless be set aside if justice and good conscience require it." *Cf. Burkitt v. Downey*, 102 Ill. App. 2d 373, 377, 379; *Hall v. Hall*, 15 Ill. App. 3d 599, 602, 603; *George F. Mueller & Sons, Inc. v. Ostrowski*, 19 Ill. App. 3d 973, 979.

The court in *Stehman*, page 48, seized upon the fact that the defendant therein, *as herein*, was not given notice of the final judgment until more than 30 days after the rendition of judgment. That factor also appeared in *Ellman*, page 292, *Elfman*, page 613, and in *Jansma Transport, Inc., v. Torino Baking Co.*, 27 Ill. App. 2d 347, 355; *Dann v. Gumbiner*, 29 Ill. App. 2d 374, 382; *Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.*, 76 Ill. App. 2d 334, 348; *Gary Acceptance Corp v. Napilillo*, 86 Ill. App. 2d 257, 263; *Boughton v. Jones*, 98 Ill. App. 2d 396,

400; *George F. Mueller & Sons, Inc. v. Morris*, 128 Ill. App. 2d 454, 458.

There is an anomaly in this matter of negligence of a party or his attorney. Conduct which is excusable under section 50(5) of the Civil Practice Act up until 30 days after judgment[1] thereafter becomes negligence sufficient to bar relief unless the defendant is not given notice of the final judgment until more than 30 days after the rendition of judgment in which case the conduct again becomes excusable.

In the instant case defendants had paid over $8000 on an $11049.30 obligation.[2] The notice of intent to declare a forfeiture was served pursuant to the Forcible Entry and Detainer Act and so stated. Section 13 of that Act (Ill. Rev. Stat. 1973, ch. 57, par. 13) allows the court to give the buyer a grace period before the writ of restitution issues and reinstates the contract if full payment is made during the grace period. This is a summary method of setting aside a forfeiture.

Had plaintiff brought a forcible entry and detainer action as its notice of intent to declare a forfeiture stated, the trial court might have been obliged to give the defendant a grace period pursuant to section 13. I do not believe that the declaratory judgment statute was intended as the agency to deprive a defendant of such a valuable right. (*Cf. Goldberg v. Valve Corporation of America*, 89 Ill. App. 2d 383, 392, but see *666 North Orleans, Inc. v. Kors*, 11 Ill. App. 3d 676.) Otherwise stated, declaratory judgment remedies are cumulative and should not be construed as restricting any remedy provided by law for the benefit of any party to the action. If the law provides a grace period a declaratory judgment should apply equitable principles and follow the law.

Further, the notice of intent to declare a forfeiture, herein, states, "You and each of you are further notified that unless the following defaults are cured by you *after thirty (30) days from the date of this notice,* * * *."* (Emphasis supplied.)

The rule was evolved by the equity courts that a buyer must be given a reasonable warning of the sellers intention to declare a forfeiture and we have at least one case holding that a month's warning will suffice. (*Chrisman v. Miller*, 21 Ill. 227, 237; 53 Ill.B.J. 188, 193 (1964).) At the conclusion of the time specified in a proper notice of intention to declare a forfeiture, the purchaser's interest in the contract may be terminated. (*Forest Preserve Real Estate Improvement Corp. v. Miller*, 379 Ill. 375.) Where the vendor has once waived strict compliance with the terms of

---

[1] See *Widicus v. Southwestern Electric Cooperative*, 26 Ill. App. 2d 102; *Becker v. Pescaglia*, 24 Ill. App. 3d 410, for examples.

[2] Counsel for the plaintiffs admitted in open court that the lot in question was worth $21,000 on June 6, 1974.

the contract as to the time of payments, but wishes to avail himself of the right to forfeiture as to subsequent payments, he must give a reasonable, definite, and specific notice that he will insist on prompt payment in the future, and must permit the purchaser a reasonable time thereafter to perform. 35 Ill. L. & Pr. *Vendor and Purchaser* §68, at 494.

Does the above language give a definite and specific warning? The usual language is "on or before _____(date)" (53 Ill. B.J. 188, 193, 194 (1964).) In order to be effectual, notice should be so full and clear as to disclose to persons of ordinary intelligence what is proposed. (*Department of Revenue v. Jamb Discount*, 13 Ill. App. 3d 430, 435.) A notice must be clear, definite and explicit and not ambiguous. The notice is not clear unless its meaning can be apprehended without explanation or argument. 66 C.J.S. *Notice* §16, at 654 (1950).

In the light of all the circumstances, and in view of the fact that defendant had a meritorious defense and that a petition under section 72 invokes the equitable powers of the court "as justice and fairness require" I am compelled to conclude that the petition to vacate should have been allowed. A denial of the petition could result in the enforcement of a default judgment attended by unfair and unjust circumstances. *Elfman.*

I would reverse and remand the cause with directions to vacate the default of the defendants to permit the defendants to proceed.