JOHN V. DODGE *et al.*, Plaintiffs-Appellees, v. JOHN R. NIEMAN, Defendant-Appellant (Kathleen D. Nieman, Defendant-Appellee).

First District (4th Division)  No. 86—0165

Opinion filed December 18, 1986.

Michael J. Dudek, of Chicago, for appellant.

Joseph C. Johnson, of Northbrook, for appellees John V. Dodge and Jean P. Dodge.

Thomas H. Stern, of Chicago, for appellee Kathleen D. Nieman.

JUSTICE JIGANTI delivered the opinion of the court:

Plaintiffs John V. Dodge and Jean P. Dodge, the sellers of real estate pursuant to an installment contract, brought a quiet title suit against the contract-purchasers, defendants John R. Nieman and Kathleen D. Nieman, seeking to extinguish the defendants' rights under the contract and to have the recorded contract removed as a cloud on the plaintiffs' title. On the plaintiffs' motion, the trial court granted judgment on the pleadings in favor of the plaintiffs and against the defendants on the basis that John Nieman's answer admitted that the defendants were in default for failure to pay installments due under the contract. John Nieman has appealed, contending that the plaintiffs were not entitled to a judgment on the pleadings. Essentially, he maintains that the plaintiffs should not have been allowed to circumvent the protections accorded contract-purchasers under the Forcible Entry and Detainer Act (Act) (Ill. Rev. Stat. 1985, ch. 110, par. 9—101 et seq.), including a period of time following judgment in which to cure the default, by proceeding in a suit to quiet title.

In their petition to quiet title filed on March 20, 1985, the plaintiffs alleged that they were the owners of improved real estate located at 1043 Briarwood Lane in Northbrook. On October 9, 1969, the plaintiffs entered into an installment-sale contract with their daughter, Kathleen Nieman, and her husband, John Nieman. On September 19, 1984, the plaintiffs notified the defendants of their intent to declare the contract forfeited based on the defendants' failure to pay two monthly installments of $200 due in August 1984 and September 1984 as well as $4,477.93 in real estate taxes and homeowner's insurance premiums dating back to 1971. Attached to the plaintiffs' petition was a copy of the installment contract, which provided for recording upon forfeiture, and a document entitled "Intent to Declare Forfeiture of All Rights Under Articles of Agreement for Deed and Notice of Intention to File Forcible Entry and Detainer Suit." In this document, the plaintiffs set forth the amounts due under the contract, made a demand for possession of the property as required by the FEDA, and stated that they would file a forcible entry and detainer suit unless the default was cured by October 29, 1984. When the defendants failed to cure the default within the time provided, the plaintiffs recorded a "Declaration of Forfeiture" along with the in-

stallment contract. The plaintiffs then brought the instant suit to quiet title alleging that the recorded contract constituted a cloud on their title; they did not file suit under the Act, as stated in their notice to defendants.

The plaintiffs' petition to quiet title further alleged that John Nieman had previously vacated the property and that at the time the petition was filed, Kathleen Nieman and the Niemans' children occupied the property "at the sufferance of the plaintiffs." As will be developed later, this particular allegation has considerable significance in determining whether the plaintiffs could properly maintain a suit to quiet title as opposed to an action in forcible entry and detainer.

On April 1, 1985, Kathleen Nieman filed an answer admitting the allegations contained in the plaintiffs' petition to quiet title. Kathleen Nieman has aligned herself with the plaintiffs as a co-appellee in this appeal.

On September 3, 1985, John Nieman filed an answer denying the allegations that he had vacated the property and that Kathleen Nieman and the Niemans' children occupied the property solely at the sufferance of the plaintiffs. Attached to his answer was a document entitled "Notice of Non-Abandonment of Rights and Intent to Contest Declaration of Forfeiture," which had been recorded in response to the plaintiffs' recorded notice to declare the contract forfeited. In that document, John Nieman stated that although irreconcilable differences had arisen between Kathleen Nieman and him, he was not abandoning his right to possession of the property and did not agree to or acquiesce in any attempt on the part of the plaintiffs to repossess the property. The document further stated that the Niemans had petitioned for the dissolution of their marriage and that the property was part of the subject matter of that petition. The document also contained a statement that the plaintiffs' declaration of forfeiture was defective in that it miscalculated the amounts owed by the defendants.

The trial court, finding that the pleadings and attachments showed a default in installment payments which had not been denied, granted the plaintiffs' motion for judgment on the pleadings.

John Nieman then filed a motion for reconsideration stating that the defendants had made contract payments from October 1969 through July 1984 and had paid in excess of 75% of the $24,400 purchase price. He also raised, for the first time, his contention that a suit to quiet title was not an appropriate remedy in that it improperly allowed the plaintiffs to circumvent his statutory right under the Act to have the judgment stayed for a certain amount of time during

which he, as contract-purchaser, could cure the default. The trial court denied the motion for reconsideration, and this appeal followed.

The Act makes specific provision for suits by a contract-seller of real estate against a contract-purchaser who fails to comply with the terms of the agreement and withholds possession after a demand for such by the seller. (Ill. Rev. Stat. 1985, ch. 110, par. 9—102(5).) As pertinent to the instant appeal, section 9—110 of the Act provides that in actions based on breach of contract where the amount unpaid is less than 75% of the original purchase price, the court shall stay execution of a judgment of possession in favor of the contract-seller for a duration of 60 to 180 days, depending on specified circumstances, during which the contract-purchaser could cure the default by paying the entire amount due under the contract. (Ill. Rev. Stat. 1985, ch. 110, par. 9—110.) The statute explicitly provides, however, that "[n]othing herein contained shall be construed as affecting the right of a seller of such premises to any lawful remedy or relief other than that provided [herein]." (Ill. Rev. Stat. 1985, ch. 110, par. 9—110.) Thus, it is clear that the statute itself does not limit plaintiffs to the relief available under the Act.

The question then becomes whether the plaintiffs, by instituting a suit to quiet title, have simply chosen another appropriate legal remedy available to them as contract-sellers of the property, thereby avoiding the redemption rights accorded the contract-purchaser under the Act. For the reasons which follow, we do not believe that a suit to quiet title is an appropriate remedy under the circumstances presented here.

■ It has been uniformly held that the plaintiff bringing a suit in equity to quiet title to real estate must plead and prove that it was in actual possession of the real estate at the time the suit was filed. (*McGookey v. Winter* (1943), 381 Ill. 516, 526-27, 46 N.E.2d 84, 89; *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 812, 480 N.E.2d 1312, 1327; *Mahrenholz v. County Board of School Trustees* (1984), 125 Ill. App. 3d 619, 629-30, 466 N.E.2d 322, 329.) It appears that possession by an agent or tenant of the plaintiff is generally sufficient to entitle the plaintiff to maintain a suit to quiet title. (*Stewart v. May* (1909), 111 Md. 162, 73 A. 460; 65 Am. Jur. 2d *Quieting Title* sec. 42, at 175 (1972).) However, where a party other than the plaintiff is in possession of the real estate, the plaintiff has an adequate remedy at law either by way of a forcible entry and detainer suit (Ill. Rev. Stat. 1985, ch. 110, par. 9—101 *et seq.*) or an action in ejectment (Ill. Rev. Stat. 1985, ch. 110, par. 6—101 *et seq.*). *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d

792, 812, 480 N.E.2d 1312, 1327.

In the case at bar, the plaintiffs in their petition to quiet title did not allege that they were in actual possession of the real estate at the time the suit was filed. Rather, they alleged that John Nieman had vacated the property and that Kathleen Nieman and the Niemans' children occupied the property "at the sufferance of the plaintiffs." Attached to the petition was a notice of the plaintiffs' intention to file suit under the Act, demanding possession of the property from the defendants. Although Kathleen Nieman filed an answer admitting the allegations of the petition, John Nieman's answer denied generally that he had vacated the property and that Kathleen Nieman and the children occupied the property solely at the sufferance of the plaintiffs. Attached to his answer was a document stating that irreconcilable differences had arisen between Kathleen Nieman and him and that a petition for dissolution of the marriage had been filed. He further stated that he had not abandoned possession of the property and had no intention of abandoning his right to possession. The pleadings and attachments before the trial court therefore established that although John Nieman was not living on the property at the time the plaintiffs filed their lawsuit, it remained the defendants' marital residence, being occupied by John Nieman's wife and children.

■ Our analysis of the allegations contained in the parties' pleadings leads us to conclude as a matter of law that the defendants rather than the plaintiffs were in possession of the property at the time the plaintiffs filed their suit to quiet title. As previously discussed, the plaintiffs did not allege that they were in possession. Also, Kathleen Nieman came into possession of the property as a co-purchaser with John Nieman pursuant to the installment contract, which is the subject matter of this litigation. Under these circumstances, we do not believe that the allegations regarding her occupancy can be properly interpreted as establishing that she held possession as an agent or tenant of the plaintiffs. Because, as noted earlier, a party bringing a quiet title suit must be in possession of the property at the time the suit was filed (*Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 812, 480 N.E.2d 1312, 1327), the plaintiffs could not properly avail themselves of this remedy and judgment on the pleadings in their favor was therefore improper.

The two cases cited by the plaintiffs in support of their argument that a quiet title suit could be properly maintained under the instant circumstances are readily distinguishable. In *Forest Preserve Real Estate Improvement Corp. v. Miller* (1942), 379 Ill. 375, 41 N.E.2d 526, the plaintiffs brought a quiet title suit to remove, as a cloud on title, a

contract to purchase real estate. The facts of that case clearly show, however, that the defendant had surrendered possession of the property to the plaintiffs prior to the time the plaintiffs filed suit. *666 North Orleans, Inc. v. Kors* (1973), 11 Ill. App. 3d 676, 297 N.E.2d 372, was not a quiet title suit but rather a declaratory judgment action filed by the lessee of certain property seeking to determine whether he should pay rent to the contract-purchaser or the contract-seller of the property. As such, the case lends no support for the proposition that a party which is not in possession of real estate is entitled to bring an action to quiet title to the property.

In conclusion, the judgment of the trial court in favor of the plaintiffs must be vacated and the plaintiffs' petition to quiet title dismissed without prejudice to their right to file a forcible entry and detainer suit or any other legal proceeding which would be appropriate under the circumstances.

Vacated and remanded.

JOHNSON and McMORROW, JJ., concur.