Stanley Stoller et al., Plaintiffs-Appellants, v. Clifford Holdren and Shirley Holdren, Defendants-Appellees.

Gen. No. 49,129.

First District, Second Division.
February 19, 1964.

Robert R. Napoleon, of Chicago, for appellants.

Patrick J. Hughes, Jr., of Chicago (James T. Fitzgibbon, of counsel), for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On June 28, 1962, plaintiffs filed their complaint entitled "Action for Declaratory Judgment" and asked the court to determine the controversy between the parties and for a judgment against defendants for $895 plus reasonable attorneys' fees. The writ of summons was served on the defendants on July 3, 1962. On August 3, 1962, defendants filed their pro se appearance. Although the summons, a copy of which was left with the defendants, informed them that they were required to file an answer or otherwise filed their appearance within 30 days after service or that judgment by default might be taken

against them for the relief prayed in the complaint, defendants neglected to file an answer, motion or other pleading.

After the time for filing an answer or other pleading had passed the plaintiffs served a notice of motion for a default judgment upon each of the defendants by certified mail, return receipt requested. The notice said that on August 10, 1962, plaintiffs would ask the court to enter a default judgment because of defendants' failure to plead to the complaint. The original notice contained a certificate of the then attorney for plaintiffs that he had served the notice by mailing a copy to each defendant, postage prepaid. When the notice arrived at the address shown, the one given on defendants' appearance, the envelopes were not accepted and were returned to the sender marked "refused." On August 10, 1962, pursuant to the notice, plaintiffs obtained a default judgment against the defendants for $895. Following the service of a garnishment summons the defendants by their attorneys, on October 2, 1962, filed their petition and affidavit to vacate the judgment. Plaintiffs filed a motion to strike the petition. This motion in certain respects resembles an answer. On the basis of the petition and affidavit filed by the defendants the court vacated the judgment and gave the defendants leave to answer or otherwise plead to the complaint within 30 days. The plaintiff moved for a rehearing of the motion and for a restoration of the judgment. The parties filed memoranda outlining their positions. Plaintiffs appeal from the orders vacating the judgment and denying their motion for a rehearing.

To vacate a valid judgment after 30 days from its entry under Sec 72 of the Civil Practice Act defendants must show reasonable excuse for failure to defend within the appropriate time or that they were prevented from so doing by the fraud, act or concealment of the opposing party, accident, excusable mistake or

one or more of the grounds traditionally relied upon for equitable relief from judgments. The defendants must also state ultimate facts showing a meritorious defense. This section cannot be used to avoid the consequence of a defendant's negligence. We are familiar with the holdings in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350 and the subsequent cases construing Sec 72 of the Civil Practice Act. In the case at bar there is no claim of fraud or of being misled. There were no negotiations between the parties to give the defendants the impression that the cause remained to be determined. There is no showing that the defendants were hindered or prevented from making a defense. They apparently consulted a lawyer or lawyers. It is reasonable to assume that these lawyers told defendants that it would be necessary to answer or otherwise plead. Plaintiffs conformed with the appropriate rules relating to the service of notice. Under the rules the plaintiffs had the right to give defendants notice by mail. This was done. Having refused to receive the notice the defendants are in no position to urge that they did not receive it. Since the Ellman case there has been a relaxation in the requirements for relief under Sec 72 of the Civil Practice Act. The Ellman case and the cases following it do not, however, permit the court to vacate a judgment without an adequate showing. The defendants in the case at bar did not make a showing that would authorize the court to vacate the judgment.

Sec 50(5) of the Civil Practice Act provides that judgment by default or a decree pro confesso may be entered for want of an appearance or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought. There is no requirement that a transcript of the testimony, if any, on the prove-up of the default be preserved. The defendants urge that the order vacating the judgment be sustained because there is

a presumption that the trial court acted and had sufficient facts before it by way of admission or otherwise to properly enter the order. The record in this case shows that the order vacating the judgment was based on the petition to vacate, the affidavit accompanying it, and the arguments of counsel. The memoranda submitted by the lawyers for the parties in connection with the motion to reconsider the order vacating the judgment also shows clearly that the court acted on the information set out in the petition and affidavit.

For these reasons the order vacating the judgment is reversed and the judgment is restored.

Order reversed and judgment restored.

FRIEND and BRYANT, JJ., concur.