Skokie Federal Savings and Loan Association, a Corporation of the United States; Evanston Federal Savings and Loan Association, a Corporation of the United States; First Federal Savings and Loan Association of Wilmette, a Corporation of the United States; Park Ridge Federal Savings and Loan Association, a Corporation of the United States; Prudential Savings and Loan Association, a Corporation of Illinois; First National Bank of Skokie, a National Banking Association; Old Orchard Bank and Trust Company, an Illinois Banking Corporation, and Skokie Trust and Savings Bank, an Illinois Banking Corporation, Plaintiffs-Appellants, v. The Savings and Loan Board of the State of Illinois; Justin Hulman, Commissioner of Savings and Loan Associations of the State of Illinois; and Jerrold L. Morris, et al., Applicants for a Permit to Organize Devonshire Savings and Loan Association in Skokie, Illinois, Defendants-Appellees.

Gen. No. 51,412.

First District, Second Division.

October 13, 1967.

■■■■■■■■■■■■■■■■■■■■■■■■

Russell & Bridewell, of Chicago (David A. Bridewell and Vincent P. Reilly, of counsel), for appellants.

William G. Clark, Attorney General of State of Illinois, of Chicago (Richard A. Michael, John J. O'Toole, and Stuart D. Perlman, Assistant Attorneys General, of Counsel), and Seymour I. Burton, J. Richard Bockelman and Jerome F. Dixon, of Chicago, for appellees.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal by the plaintiffs (Skokie Federal Savings and Loan, et al.) brought under the provisions of the Administrative Review Act (Ill Rev Stats (1965) c 110, par 264, et seq.) from the entry of an order by the Circuit Court of Cook County, which order dismissed plaintiffs' complaint for administrative review upon the motion and in favor of the defendants, Savings and Loan Board of the State of Illinois (hereinafter sometimes referred to as the Board) and Justin Hulman as Commissioner of Savings and Loan Associations (hereinafter sometimes referred to as the Commissioner). Judgment was entered by the court below on March 21, 1966.

The instant action was occasioned when, on July 13, 1962, an application to the Director of Financial Institutions of the State (hereinafter sometimes referred to as the Director) for a permit to organize the Devonshire Savings and Loan Association in the Village of Skokie, Illinois, was caused to be filed by the above captioned defendant-applicants (Jerrold L. Morris, et al.). In response thereto, plaintiffs, comprised of numerous savings and loan and banking institutions in proximity to the proposed site of Devonshire, addressed objections to the Director. Issue being taken, the cause was thereafter set down for hearing before a hearing officer appointed by the Director.

375

Subsequently, there arose considerable delay due to a defect in the pleadings, which point is not germane to the issues here presented. The matter being resolved, hearings on the complaint (objections) were again conducted through 1964 and part of 1965 under the then existing jurisdiction of the Office of the Director. Pursuant to Legislative amendments effective August 1, 1965 (SB 1031 and SB 942) however, the administrative powers over the Savings and Loan Act (Ill Rev Stats (1965) c 32, par 701, et seq.) were transferred, en toto, from the Director of Financial Institutions to the newly formed Office of the Commissioner of Savings and Loan Associations (par 841), said Commissioner being substituted for the Director by such amendments throughout the Act and thereby becoming vested with jurisdiction over the instant application for a permit to organize and its related proceedings. (Pars 722 through 727 inclusive.)

These newly established provisions of the Act created in addition thereto the Savings and Loan Board, and conferred upon it, among other powers, the power to pass in review upon any order, decision, or action of the Commissioner. (Pars 857 through 859, inclusive.) Of particular significance to the case at bar, there was thus created an administrative body empowered to pass in judgment upon actions of the Commissioner in an area where, by comparison, none had theretofore existed (other than by appeal to the courts under the Administrative Review Act) during the period in which savings and loan associations were governed by the Director.

In accordance with these changes, hearings in the instant cause were thereafter continued before the Office of the Commissioner who, on December 23, 1965, entered an order approving the subject application and directed the issuance of a permit to organize Devonshire to the defendant-applicants. A copy of the aforesaid decision of the Commissioner was served upon and received by the plaintiffs on January 17, 1966.

In this regard, section 7–21 of the Savings and Loan Act (Ill Rev Stats (1965) c 32, par 861) provides:

"The Board shall upon the verified complaint in writing of any person setting forth facts which if proved would constitute grounds for reversal or change of any decision, order or action *of the Commissioner* grant a hearing thereon. If the aggrieved party desires such a hearing, he shall, within 10 days of receipt of notice of such decision, order or action, file *written notice with the Board of intent to demand a hearing* and shall, within 30 days of receipt of notice of such decision, order or action, file his verified complaint in writing. . . ." (Emphasis Supplied.)

In response to the adverse decision of the Commissioner, plaintiffs, on January 21, 1966, personally and by certified mail served notice upon the Board and Commissioner individually, the pertinent portions of which recited:

"*Pursuant to Section 7–24* of the Illinois Savings and Loan Act, Ill Rev Stats, Ch 32, Sec 864, notice is hereby given that the objectors, a list of which is attached hereto, *intend to seek review under the Administrative Review Act* of the State of Illinois, Ill Rev Stats, Ch 110, Sec 264 et seq., of (1) the Order of the Commissioner of the Savings and Loan Associations, dated December 23, 1965, approving the application for a permit to organize the above association. . . ." (Emphasis Supplied.)

Shortly thereafter, on February 11, 1966, plaintiffs, by certified mail, served upon the Board and Commissioner individually letters with enclosed verified complaint in regard to this same cause, no response having been received by plaintiffs from either the Board or Commissioner in the interim. The letters, in addition to their

reference to the enclosed complaint, advised the Board to set the cause down for hearing in compliance with the mandatory language of section 7–21 of the Act. By letter dated March 1, 1966, the Commissioner informed plaintiffs that the Board had denied their request for a hearing, "since notice of intent to demand a hearing was not filed" as required by said section 7–21 of the Act.

As a consequence thereof, the instant complaint for administrative review was filed by plaintiffs in the Circuit Court on March 7, 1966. Thereupon, the Board and Commissioner filed a motion to strike and dismiss, which motion, among other grounds, alleged plaintiffs' failure to comply with the jurisdictional requirements of section 7–21 of the Act. After a full hearing before the trial judge, an order was entered granting the motion, from which plaintiffs bring this appeal. No questions are raised on the merits of the Commissioner's findings, nor is the sufficiency of the February 11th notice disputed.

It is the plaintiffs' theory of the case: (1) that the Board's refusal to grant a hearing on its verified complaint was arbitrary, capricious, and contrary to law; and (2) that the court below erred in granting defendants' motion to strike and dismiss its complaint for administrative review.

It is the defendants' combined theory of the case (a separate brief and argument having been offered by the defendant-applicants, Jerrold L. Morris, et al.) : (1) that plaintiffs' appeal should be dismissed for their failure to satisfy the mandatory and jurisdictional provisions of section 7–21 of the Act requiring written notice of intent to demand a hearing before the Board within 10 days of receipt of the adverse decision of the Commissioner; (2) that alternatively, the judgment should be affirmed for such noncompliance should this court determine that jurisdiction had properly attached to the Circuit Court; and (3) that in any event, plaintiffs' complaint fails to state a cause of action.

Numerous alternative theories of relief have been offered by the parties to this appeal, which propositions this court feels are not necessary for a disposition of the case in view of section 7–21.

■ It is not disputed that plaintiffs had, in fact, filed a notice with the Board within the prescribed 10-day period of section 7–21. Rather, the pivotal consideration is whether the substance of that notice apprised the Board of plaintiffs' intentions to demand a hearing before it within the contemplation of that same statute. The rule is that the courts will not interfere with the exercise of the legislatively created powers of an administrative agency absent a showing that the agency's actions were palpably arbitrary, unreasonable, or capricious. Richards v. Board of Education, 21 Ill2d 104, 171 NE2d 37 (1960).

While section 7–21 is silent as to the legislative rationale for the required 10- and 30-day notices respectively, we feel attendant policy considerations suffice to supply the needed insight. The savings and loan industry is a business vested with a substantial public interest affecting the economic security and welfare of the citizenry. Flanagan v. Knight, 67 Ill App2d 71, 214 NE2d 557 (1966). As the General Assembly has itself pronounced in the Act, the Act is to be liberally construed as the public interest requires to the extent that it promotes and fosters the savings and loan business and assures its financial stability. (Ill Rev Stats (1965) c 32, par 702.) Cf. Citizens Savings & Loan Ass'n v. Knight, 74 Ill App2d 234, 219 NE2d 355 (1966).

The problem created by the subject notice is not one of ambiguous wording or informal defect as plaintiffs suggest, but rather a clear and specific statutory notice made pursuant to an inapplicable statute, (section 7–24). The notice having been framed with such specificity, by no reasonable construction or liberal interpretation of the language contained therein, can this court find compliance with the correct and governing statute.

The fact that plaintiffs acted with dispatch notwithstanding, neither plaintiffs nor this court can endeavor to escape the legal efficacy of those administrative changes made effective several months prior to the notice in question. We speak, in particular, of the creation of the theretofore nonexistent Savings and Loan Board, duly established to review actions of the Commissioner, and to which application could only be made via a 10-day notice of intent to demand a hearing. The subject is succinctly treated in section 7–21. Plaintiffs' purported notice, however, makes reference specifically to section 7–24 only of the Act and, in unequivocal terms, states their intentions to pursue relief under the Administrative Review Act (accompanied by citations to those Acts).

An examination of said section 7–24 (Ill Rev Stats (1965) c 32, par 864), reveals that in fact administrative review to the courts is so provided but, significantly, only from orders or decisions of either the Director of Financial Institutions or the Board itself. Manifestly, neither situation existed in the instant case, plaintiffs' application for review coming from a decision of the Commissioner and hence governed by section 7–21.

■ ■ The language of section 7–21 providing for the 10-day notice has been set forth in haec verba. In determining whether such a provision is mandatory or directory as to plaintiffs, consideration must be given to the entire statute, its nature, objectives, and the consequences of construing it one way or another. Carrigan v. Illinois Liquor Control Commission, 19 Ill2d 230, 166 NE2d 574 (1960). While the use of the word "shall" therein is not deserving of an inviolate connotation, its use in the instant statute we feel contemplates prompt action by the party deeming himself aggrieved, so that a timely disposition of the matter might be effectuated. People ex rel. v. Biggs, 402 Ill 401, 84 NE2d 372 (1949); Sweitzer v. Industrial Commission, 394 Ill 141, 68 NE2d 290 (1946). Where, as here, noncompliance with the provision by a

private individual, as distinguished from that of a public official, affects the public interest, the term is employed in its imperative sense and is mandatory. Sutherland Statutory Construction, 3rd Ed (1943) Vol 3, § 5816 (p 107).

 The Board is a creature of statute, having no greater power or authority to exercise its jurisdiction other than that which has been conferred upon it by the General Assembly. Pearce Hospital v. Public Aid Commission, 15 Ill2d 301, 154 NE2d 691 (1958). Here, in the wisdom of our legislature, a 10-day requisite notice was established to best serve the ends of the Act by preventing delay in its administration. We do not feel the force of that 10-day notice, moreover, is in any way mitigated or made ineffectual by the 30-day provision which follows. Suffice to say, the notice asserted is totally absent as to any demands upon the Board, and as such, the Board was without jurisdiction to entertain the instant complaint. See Black Hawk Motor Transit Co. v. Illinois Commerce Commission, 398 Ill 542, 76 NE2d 478 (1947); Lambdin v. Illinois Commerce Commission ex rel. Assumption Mut. Tel. Co., 352 Ill 104, 185 NE 221 (1933). Plaintiffs, citing the absence of language in the statute which would import formality of notice and hearing, argue that no such jurisdictional requirement was intended. The contention is not well taken in view of the cases of North Federal Savings & Loan Ass'n of Chicago v. Becker, 24 Ill2d 514, 182 NE2d 155 (1962) and Harvey Federal Savings & Loan Ass'n v. Becker, 25 Ill2d 464, 185 NE2d 216 (1962), wherein the court in construing the quite similar language of section 7–21 of the Act in the 1959 and 1961 statutes respectively, determined that formal hearings upon a specific and responsive (to the statute) verified complaint were contemplated by the General Assembly.

It does not necessarily follow however, as defendants contend, that jurisdiction has failed to vest in the Cir-

cuit Court, thereby requiring a dismissal of the appeal. The Illinois Constitution, art VI, § 9, provides:

"The Circuit Court shall have unlimited original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law."

■ This, obviously, was a review of administrative action in the nature of which is specifically treated in section 2 of the Administrative Review Act (Ill Rev Stats (1965) c 110, par 265). It states:

". . . If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of . . . petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder *excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter.*" (Emphasis Supplied.)

Accordingly then, the jurisdictional requirement in question was jurisdictional only as to the Savings and Loan Board, and in no way affected the Circuit Court's power, upon administrative review, to test the limited question of the absence or presence of same in the Board, a determination, it might be added, which is accurately reflected in the lower court's order of dismissal in the case.

For the above reasons, the judgment is affirmed.

Judgment affirmed.

BURKE and BRYANT, JJ., concur.