GEORGE ANGLIN, Plaintiff-Appellee, v. NORMAN F. DEARTH, a/k/a Sonny Norman, Defendant-Appellant.

Fourth District   No. 4—88—0199

Opinion filed October 13, 1988.

Robert P. Moore and David R. Moore, both of Law Offices of Robert P. Moore, P.C., of Champaign, for appellant.

James V. Olivero, of Zimmerly, Gadau, Selin & Otto, of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

A default judgment was entered by the circuit court of Champaign County in favor of plaintiff George Anglin and against defendant Norman F. Dearth. A motion by defendant to vacate the default judgment was denied, and defendant appeals from that denial.

On April 6, 1984, plaintiff, an employee of Illinois Power Company, filed suit against defendant for injuries caused by defendant's dog while plaintiff was reading defendant's power meter. The suit was filed under section 16 of the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366). A summons was served on defendant's daughter at defendant's home on April 9, 1984. No answer or appearance was ever filed by the defendant.

On August 1, 1986, the trial court, on its own motion, dismissed the plaintiff's cause for want of prosecution. Both parties agreed that they received a notice of dismissal from the court.

On September 2, 1986, plaintiff filed a motion to reinstate and allot for trial, asking for a default judgment and a trial on the issues of damages. A certificate of service in the record indicates that plaintiff sent a copy of the motion to defendant at his home address. A notice of the hearing setting was also sent to defendant, and a certificate of service was filed with the court. Plaintiff's attorney filed an affidavit that neither of these notices was returned to his office by the post office. Defendant and his wife denied having received either of the notices.

On September 26, 1986, plaintiff's motion to reinstate was heard and granted. After reviewing the proof of service of the summons, and finding there was no answer or other response from the defendant, the trial court entered a default judgment. On November 17, 1986, plaintiff filed another certificate of service of the notice of the prove up of damages. Defendant acknowledges having received this but did not appear. After hearing the evidence presented by plaintiff, the jury awarded him $14,000 on December 18, 1986.

On January 20, 1987, defendant filed a motion to vacate the judgment. After considering various additional motions of the parties, the trial court denied the motion to vacate on February 18, 1988.

On March 15, 1988, defendant filed a notice of appeal.

Both parties on appeal have represented to this court that the trial court based its decision to deny the defendant's motion to vacate on section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Plaintiff argues that while defendant's initial motion was based on section 2—1301 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301), his memorandum argued only for section 2—1401 relief and, so, defendant has waived any section 2—1301 claim on appeal. Plaintiff does so in order to avail himself of the stricter standards of section 2—1401 in the light of the trial court's finding that defendant had shown no due diligence and meritorious defense.

Defendant, on the other hand, points to exactly this finding as indicative that the court improperly considered his motion under the higher standards of section 2—1401, when it should have employed section 2—1301. He argues that his motion fell within the limitations of this section and that his case would support vacating the judgment under the lower standards of section 2—1301.

■ Both sections of the Code are intended to afford parties with post-judgment relief. Because of the statutory limitations imposed, their remedies are not elective but mutually exclusive. Section 2—1301 requires a party to file his motion for relief within 30 days of final judgment. Parties seeking section 2—1401 relief can do so only 30 days after final judgment, but must file within a two-year period. In this case, final judgment came on December 18, 1986. Defendant's motion was filed on January 20, 1987. Since January 18 and 19 were a Sunday and a holiday, respectively, the filing came within 30 days for the purposes of the statute. (Ill. Rev. Stat. 1985, ch. 1, par. 1012.) Thus, the trial court should properly have employed section 2—1301 in deciding the motion.

■ Both parties have argued that the trial court employed section 2—1401. The trial court's decision does not clearly indicate what section was followed, but it appears the parties are right in their conclusion. Section 2—1301 should have been used, and the trial court erred. Normally, we would remand for a determination under the correct test. However, we determine that the facts would require that the default be vacated and the case set down for trial.

■ ■ In this case, defendant admits receiving the initial summons and states that he forwarded the summons to his insurance company. He states that he received a communication from a lawyer informing him that the suit would not be pursued and, in August 1986, received a notice of the dismissal. He then received nothing further until the notice of the prove up, which he promptly forwarded to

his insurance company. Defendant's affidavit also asserts a defense that plaintiff had no right to be on defendant's property.

This court in *Havana National Bank v. Satorius-Curry, Inc.* (1988), 167 Ill. App. 3d 562, 521 N.E.2d 645, found there was no meritorious defense or reasonable excuse for delay, and upheld the refusal of the trial court to vacate. That case dealt with forcible entry and detainer where defendant had not paid rent for one year and property taxes for two years, contrary to the lease agreement. Defendant there was unable to present any real defense and stated that he had failed to appear because he could not pay the back rent owed to the plaintiff. That case is clearly more extreme on its facts than the present case. Defendant here has an arguable defense and some excuse for delay. This question should be considered in light of the fact that plaintiff did not pursue the litigation during the initial two-year period. Other factors which should be considered are that plaintiff is, apparently, a resident of this State and that litigation prior to the default judgment was very perfunctory, and it would not, therefore, be unduly harsh to force the plaintiff to litigate on the merits. In addition, a judgment of $14,000 against an individual defendant is rather severe in the context of a default judgment. Two of the facts to be considered in a motion to vacate are the severity of the penalty and the hardship which plaintiff would suffer in proceeding to trial on the merits. *Heller Financial, Inc. v. Christopher La Salle & Co.* (1988), 168 Ill. App. 3d 852, 523 N.E.2d 41.

*First State Bank & Trust Co. v. Winfrey* (1987), 165 Ill. App. 3d 767, 520 N.E.2d 763, comes close to the facts of the present case. There, plaintiff filed a complaint, and defendant appeared and filed a motion to dismiss. No further activity occurred for four years, when the trial court dismissed for failure to prosecute. The case was reinstated on plaintiff's motion, and a default judgment was entered on the same day. The defendant claimed he had no notice, but his attorney had checked the case file, had noticed the hearing date was a Sunday, and failing to investigate the error, missed the hearing. Citing defendant's reasonable excuse, meritorious defense and diligence in filing the motion to vacate, the appellate court overturned the dismissal.

In *Durham v. Rockford Mutual Insurance Co.* (1988), 169 Ill. App. 3d 211, 523 N.E.2d 670, the appellate court held the overriding consideration in the decision to vacate is whether substantial justice is being done. Although a defense and excuse are to be considered, the residence of the plaintiff, the severity of the penalty, and the hardship on the plaintiff of proceeding to trial are all factors to be weighed.

The court also noted that plaintiff had failed to argue any prejudice due to delay, and overturned the denial of the motion to vacate. As noted above, the equities of the factors mentioned here tend to favor the defendant's argument for vacating the judgment.

We conclude the facts in the present case require a finding that the section 2—1301 motion to vacate be granted.

The judgment of the circuit court is reversed and remanded.

Reversed and remanded.

KNECHT and SPITZ, JJ., concur.