MATTOON COMMUNITY UNIT SCHOOL DISTRICT NO. 2, Petitioner, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   No. 4—88—0913

Opinion filed February 1, 1990.

Thomas R. Miller and S. Jeff Funk, both of Miller, Tracy, Braun & Wilson, Ltd., of Monticello, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield, and Gregory J. Malovance and Ellen Cruickshank, both of Winston & Strawn, of Chicago (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for respondents.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In this case, the sole question is whether the Illinois Educational Labor Relations Board (IELRB) properly held the material facts alleged in an unfair labor practice complaint filed against petitioner Mattoon Community Unit School District No. 2 (District) were deemed admitted as a result of the District's failure to timely file an answer to the complaint.

On March 17, 1987, the Mattoon Education Association, IEA-NEA (Association), filed a charge against the District, alleging the District was engaging in an unfair labor practice as a result of its failure and refusal to bargain with the Association over a teacher evaluation plan, in violation of sections 14(a)(1) and 14(a)(5) of the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1987, ch. 48, pars. 1714(a)(1), (a)(5)). On March 24, 1987, the District was notified of the charge and was advised the case had been assigned to an agent of the IELRB for investigation. At the conclusion of the agent's investigation, a complaint and notice of hearing was issued by the Board's Executive Director on September 18, 1987. The complaint contained the following statement:

"YOU ARE NOTIFIED that, pursuant to 80 Ill. Adm. Code Section 1120.30(d) Respondent must file copies of its Answer to the Complaint with the Board and Complainant, no later than 15 days after service hereof, and that, pursuant to Section 1120.30(d)(3), failure to file an Answer in accordance with this Complaint and Notice of Hearing shall be deemed an admission

of the material facts alleged in the Complaint and a waiver of any hearing."

The District's designated representative for receipt of documents received a copy of the unfair labor practice complaint and notice of hearing on September 23, 1987. Thereafter, counsel for the District contacted the IELRB hearing officer assigned to this cause in order to ascertain the proper manner in which to request deferral to arbitration of the charge stated in the complaint. After consulting with the IELRB's Executive Director, the hearing officer advised the District's counsel to file a motion to defer to grievance arbitration. The hearing officer did not advise the District it should also file a separate pleading designated as an answer along with the motion to defer to grievance arbitration.

On October 8, 1987, the District served upon the IELRB and counsel for the Association its motion to defer to grievance arbitration, with supporting exhibits. The motion essentially alleged the dispute as to the purported implementation of the teacher evaluation plan was properly subject to resolution by means of the grievance arbitration procedure provided for in the collective-bargaining agreement between the Association and the Board, because it was a dispute over interpretation and/or application of a term of the agreement. The District did not file a pleading designated as an "answer" within 15 days of its receipt of the unfair labor practice complaint.

On October 20, 1987, the Association filed a motion to transfer the cause from the hearing officer to the IELRB on the basis the District's failure to file an answer resulted in admission of all of the factual allegations of the complaint, and there were thus no determinative issues of fact requiring a hearing officer's decision. (See 80 Ill. Adm. Code §1120.40(f) (1985).) On October 23, 1987, the hearing officer assigned to the matter directed the District to file a response to the Association's motion to transfer the cause to the IELRB within five days of service of that motion on the District. On October 30, 1987, the District filed, in response to the Association's motion to transfer, a motion requesting its motion to defer to arbitration be regarded as both a motion to defer to arbitration and an answer or, in the alternative, it be granted leave to file an answer instanter. On November 9, 1987, the Association filed a reply in support of its motion to transfer the cause to the IELRB.

On November 24, 1987, the hearing officer issued a recommended decision and order, finding the District had failed to timely file an answer to the complaint. (*Mattoon Community Unit School District No.*

2, 4 Pub. Employee Rep. (Ill.) par. 1007, case No. 87—CA—0014—S (Illinois Educational Labor Relations Board, Hearing Officer, Nov. 24, 1987).) On this basis, the hearing officer deemed the material allegations of the complaint admitted and found the District had committed an unfair labor practice in violation of sections 14(a)(1) and 14(a)(5) of the Act.

The District subsequently filed exceptions to the hearing officer's recommended decision and order and a brief in support thereof. On January 8, 1988, the Association filed a brief in support of the hearing officer's recommended decision and order.

In an opinion and order issued November 14, 1988, the IELRB held, by failing to timely file an answer to the unfair labor practice complaint, the District admitted the material facts alleged in the complaint, but not the legal conclusions which the Association asserted should be drawn therefrom. The IELRB further held application of the law to the admitted facts resulted in a conclusion that the District's failure to bargain over the development of an evaluation plan and the impact of such a plan violated sections 14(a)(1) and 14(a)(5) of the Act. The IELRB, *inter alia*, ordered the District to bargain with the Association with regard to the teacher evaluation plan. *Mattoon Community Unit School District No. 2*, 5 Pub. Employee Rep. (Ill.) par. 1199, case No. 87—CA—0014—S (Illinois Educational Labor Relations Board, Nov. 14, 1988).

Following the filing of the District's petition for review of the IELRB's opinion and order, this court granted the District's motion for a stay of the order.

Section 1120.30(d) of the IELRB's rules provides:

"Whenever an unfair labor practice complaint is issued, the respondent must file an answer within 15 days after service of the complaint.

1) The answer shall include a specific admission, denial or explanation of each allegation of the complaint or, if the respondent is without knowledge thereof, it shall so state and such statement shall operate as a denial. Admissions or denials may be made to all or part of an allegation but shall fairly meet the allegation.

2) The answer shall also include a specific, detailed statement of any affirmative defenses including, but not limited to, allegations that the violation occurred more than six months before the charge was filed, that the Board lacks jurisdiction over the matter, or that the complaint fails to allege an unfair labor practice.

3) Failure to file a timely answer shall be deemed an admission of the material facts alleged in the complaint and a waiver of a hearing. Failure to respond to any particular factual allegation of the complaint shall be deemed to be an admission of that particular allegation." (80 Ill. Adm. Code §1120.30(d), at 9699 (1985).)

The District asserts the IELRB's rigid interpretation of subsection (c) of this provision and the harsh result created by this interpretation are virtually without parallel in any other segment of Illinois jurisprudence. The District notes that in civil cases in the circuit court, a motion directed to a complaint defers the time for filing an answer to a date directed by the court in disposing of the motion (107 Ill. 2d R. 181), and in such cases, default judgments are regarded as a last resort, to be utilized only where factors such as a pattern of delay, unwillingness to proceed to trial, or a light regard for court procedure would justify entry of such a judgment.

The District asserts its motion requesting deferral to arbitration addressed the central issue stated in the unfair labor practice complaint, and the motion thus informed the respondents of the District's position regarding the complaint. The District further states had it been allowed to file an answer *instanter*, the proceedings would have been delayed for only a few days at most, which could not have prejudiced the Association.

Also, the District argues it demonstrated good cause for not timely filing an initial pleading designated as an "answer." The principal basis for this argument is the IELRB hearing officer assigned to this cause did not advise the District's counsel that the filing of an answer was necessary in order to preserve the deferral to arbitration issue. The District asserts it made a good-faith effort to comply with the applicable procedures as explained by the IELRB's hearing officer and was not dilatory in responding to the unfair labor practice complaint. Finally, the District argues the IELRB's decision in this case is inconsistent with prior IELRB decisions concerning time limitations, as well as with decisions from other jurisdictions in the realm of both public and private sector labor relations which address this subject.

The Association asserts because some IELRB reviews of unfair labor practice charges precede issuance of unfair labor practice complaints (see 80 Ill. Adm. Code §1120.30(b) (1985)) and because complaints are not issued on the basis of all unfair labor practice charges, the IELRB taking the action it did in this case is not analogous to the entry of a default judgment. The Association notes (1) unlike in civil cases where a default judgment is entered, the allegations of an un-

fair labor practice complaint have to some extent been substantiated by the precomplaint investigation procedure, and (2) the action which the IELRB took in this case has no impact whatsoever on the ability of a party to present argument as to the proper legal conclusions to be drawn from admitted facts.

The Association further argues the District should be deemed bound by the strict terms of the IELRB's rule governing answers, because this rule had been in existence for several years at the time of the events here at issue, and the complaint itself clearly informed the District of the consequences of failing to file an answer. The Association argues in view of these facts, the failure of the IELRB's hearing officer to specifically inform the District's counsel of the requirement the District file an answer *in addition to* its motion to defer to grievance arbitration is of no consequence. The Association states:

> "The District is attempting to place the blame on the Board \*\*\* by claiming misinformation by omission. This is analogous to counsel calling a court clerk with a question regarding motion practice and then claiming that the clerk's failure to advise counsel of a deadline for filing an answer is an excuse, which would not be an excuse under any circumstances."

The Association also contends the time limit forfiling an answer to an unfair labor practice complaint is jurisdictional in nature and, thus, cannot be waived. The Association states decisions of the National Labor Relations Board (NLRB) support the imposition of the sanction for failure to timely file an answer which the IELRB imposed in this case.

Finally, the Association asserts the District's action in this case amounted to an improper and inexcusable refusal on its part to submit to the IELRB's jurisdiction. The Association states NLRB cases hold a belief a labor dispute should be resolved in a different forum provides no excuse for failure to submit to the NLRB's jurisdiction. The Association argues, since the District should have known arbitration was not the proper forum in which to resolve the dispute over evaluations, the same rule should be deemed applicable to the present case, and we should hold the District acted at its peril in refusing to submit to the IELRB's jurisdiction by not filing an answer.

The IELRB, noting the language of the complaint clearly informed the District of the consequences of its failing to file an answer, argues the clear and unambiguous language of the rule governing the filing of answers to complaints (80 Ill. Adm. Code §1120.30(d) (1985)) should be held applicable to the District. The IELRB adopts the Association's argument, the type of order here at issue is not

analogous to a traditional default judgment. Furthermore, the IELRB asserts the District's motion to defer to grievance arbitration was no substitute for an answer. The IELRB argues allowing a motion such as that to stand for answer would be unworkable in the sense it would leave opposing parties and the hearing officer to guess at what allegations of the complaint are admitted, denied, or explained. The IELRB further asserts, allowing such motions to substitute for answers would thwart the legislative goal of promoting the prompt resolution of educational labor disputes. (See Ill. Rev. Stat. 1987, ch. 48, par. 1701.) Finally, the IELRB argues the District's reliance on the advice of the IELRB hearing officer was not good cause for failing to timely file an answer, since the District's counsel did not ask the hearing officer whether a motion could be filed in lieu of an answer or whether a motion would toll the time for the filing of an answer.

In its reply brief, the District maintains it did not refuse to submit to the IELRB's jurisdiction, but rather made a good-faith effort to defend against the unfair labor practice charge filed against it, by asserting the proper forum for resolution of the dispute was binding arbitration pursuant to the collective-bargaining agreement between the District and the Association.

■■ ■ We conclude the IELRB acted properly in deeming the material facts alleged in the unfair labor practice complaint admitted as a result of the District's failure to timely file an answer. Generally speaking, administrative agencies must enforce as written the rules which they promulgate and may not make *ad hoc* exceptions to or departures from their rules when adjudicating. (S. Breyer & R. Stewart, Administrative Law & Regulatory Policy 526-27 (2d ed. 1985).) Exceptions to this requirement of strict compliance with administrative rules exist where "the regulations in question relate to internal agency procedures or where a rule is waived to afford more lenient treatment of a person." S. Breyer & R. Stewart, Administrative Law & Regulatory Policy 527-28; see also *Du Page Area Vocational Education Authority v. Illinois Educational Labor Relations Board* (1988), 167 Ill. App. 3d 927, 941, 522 N.E.2d 292, 300 (agency rule establishing time limit for issuance of decision by hearing officer is a "measure of internal administration," and noncompliance with such rule does not require a new administrative hearing).

In the present case, the applicable administrative rule clearly requires the filing of an answer within 15 days of service of an unfair labor practice complaint. The rule contains no exceptions to this requirement. Absent compliance with this rule, the charged party is deemed to have admitted the material facts alleged in the complaint.

The rule imposes obligations upon parties to unfair labor practice proceedings before the IELRB, and thus does not pertain solely to internal agency procedures.

Furthermore, the District was fully informed of the requirement for the filing of an answer and of the consequences of not doing so. Not only did an administrative rule plainly set forth the requirement for the filing of an answer, but the unfair labor practice complaint which was served on the District's representative clearly spelled out this requirement. Moreover, the charged party in this case is a rather large governmental unit which is represented by counsel. This is not the case of an unsophisticated layman lost in a maze of administrative rules which he or she does not comprehend. For these reasons, we hold the "afford[ing] more lenient treatment of a person" exception to the general requirement of strict enforcement of administrative agency rules is inapplicable to this case.

The NLRB decisions on which the District relies are inapposite to interpretation of the IELRB rule governing the filing of answers to unfair labor practice complaints. The comparable NLRB rule provides the time for filing an answer may be extended by the Regional Director. (29 C.F.R. §102.22 (1988).) Furthermore, if no answer is timely filed, the allegations of the complaint are deemed admitted "unless good cause to the contrary is shown." (29 C.F.R. §102.20 (1988).) By contrast, the IELRB rule applicable to the present case simply provides failure to file an answer within 15 days after service of a complaint is deemed an admission of the material facts alleged in the complaint and a waiver of a hearing. (80 Ill. Adm. Code §1120.30(d) (1985).) Unlike in the NLRB regulations, there are no provisions which permit extension of the time for filing an answer or the filing of a late answer for good cause shown. In other words, the NLRB allowing the filing of a late answer for good cause shown does not violate its regulations, but the IELRB allowing the filing of a late answer, for whatever reason, would violate IELRB regulations.

Under this same reasoning, the case before us is distinguishable from the situation in which a default judgment is vacated by the circuit court. There are statutory provisions which authorize the circuit court to set aside default judgments. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e) (within 30 days of entry); Ill. Rev. Stat. 1987, ch. 110, par. 2—1401 (31 days to 2 years after entry).) At the time of the events which resulted in this appeal there were, however, no IELRB rules which permitted the filing of an answer after the deadline for doing so had passed or the setting aside of admissions which occurred as a result of failure to timely file an answer.

■ We are also not persuaded that the IELRB applying its rules in a seemingly less stringent manner in addressing other factual situations requires reversal of its decision in this case. The decisions of the IELRB interpreting the legislation which it is charged with enforcing are entitled to deference on review. (*E.g., Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n* (1983), 95 Ill. 2d 142, 447 N.E.2d 295; *American Federation of State, County & Municipal Employees, Council 31, AFL-CIO v. Illinois State Labor Relations Board* (1989), 187 Ill. App. 3d 585, 543 N.E.2d 562.) In view of this principle, we cannot say the IELRB committed reversible error in concluding the fact situation involved in the present case warranted a stricter application of its procedural rules than was appropriate under the facts of *Charleston Community Unit School District No. 1,*4 Pub. Employee Rep. (Ill.) par. 1054, case No. 88—CA—0015—S (Illinois Educational Labor Relations Board, Mar. 17, 1988), *Kildeer Community Consolidated School District No. 96,* 2 Pub. Employee Rep. (Ill.) par. 1057, case No. 85—CA—0037—C (Illinois Educational Labor Relations Board, April 16, 1986), and *Oak Lawn Community High School District No. 218,* 2 Pub. Employee Rep. (Ill.) par. 1014, case No. 85—CA—0002—C (Illinois Educational Labor Relations Board, Nov. 20, 1985).

■ In addition to the above three decisions of the IELRB, the District also relies on several public employee labor board decisions from other States in support of its contention the IELRB should have allowed the filing of a late answer in the present case. In the exercise of its power to interpret the legislation which it is charged with enforcing, the IELRB reasonably could have chosen not to follow these decisions. Also, the District did not provide this court with copies of these decisions as it was required to do by Uniform Appellate Rule 8 (Ill. Rev. Stat. 1987, ch. 110A, par. 908), thus making it impossible for this court to fully consider their possible relevance to the issue involved in the present appeal.

■ We also reject the District's argument that reversal is required because it was misled by the IELRB's advice. As the IELRB points out, the District's counsel merely asked the IELRB hearing officer for information concerning the proper manner in which to request deferral to arbitration of the unfair labor practice charge stated in the complaint which was served on the District. The IELRB hearing officer replied this could be done by filing a motion to defer to grievance arbitration. The District's counsel did not inquire whether such a motion is a permissible substitute for an answer to an unfair labor practice complaint, and the hearing officer provided no informa-

tion as to that matter. Under these circumstances, it cannot be said the District relied to its detriment on the IELRB's advice in failing to timely file an answer.

The public has an interest in the speedy resolution of unfair labor practice charges in the educational labor relations area. IELRB regulations prescribing time frames for unfair labor practice proceedings and the IELRB's strict enforcement of the time frames set forth in those regulations further this interest. (See Ill. Rev. Stat. 1987, ch. 48, par. 1705; *cf. Skokie Federal Savings & Loan Association v. Savings & Loan Board* (1967), 88 Ill. App. 2d 373, 232 N.E.2d 167.) The IELRB did not err in interpreting and enforcing its administrative rules in the manner it did in this case.

The decision of the Illinois Educational Labor Relations Board is affirmed, and the stay order which this court previously entered in this case is vacated.

Affirmed, stay order vacated.

LUND and SPITZ, JJ., concur.