AMY KESSLING, a Minor, by her Mother and Next Friend, Mary Kessling, Plaintiff-Appellant, v. UNITED STATES CHEERLEADERS ASSOCIA-TION, f/k/a U.S.C.A. Camps All American, Inc., Defendant-Appellee.

Third District   No. 3—90—0347

Opinion filed July 2, 1991.

A. Denison Weaver, of A. Denison Weaver, Ltd., of Chicago, for appellant.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Amy Kessling, a minor, brought suit against the defendant United States Cheerleaders Association claiming injuries to her right knee as a result of an acrobatic cheerleading maneuver attempted at defendant's summer training camp at Northern Illinois University (De Kalb) on July 8, 1987. The matter proceeded through discovery and was set for an April 2, 1990, trial and status hearing on the prior Friday, March 30. On March 30, plaintiff's counsel, A. Denison Weaver, Ltd., was engaged in a trial in Cook County. Weaver ar-

ranged for local counsel, Kenneth Carlson, to appear on his behalf to explain his absence to the court. The court refused to hear attorney Carlson because "he has no authority to make [an] oral motion" and dismissed the suit for want of prosecution.

On April 11, plaintiff's counsel moved to vacate the order of dismissal. In the attached affidavit, counsel recited the facts concerning his firm's conflicting trial engagement and their attempt to so notify the court through local counsel. Attorney Weaver also stated that he had learned from defendant's counsel that defendant's counsel was not present when the court dismissed the cause, and that defendant's counsel had requested that the cause be reinstated when he arrived five minutes later, but that the court refused to consider the request. Plaintiff's motion to vacate was denied, and plaintiff filed timely notice of appeal.

■ The issue before us is whether the trial court abused its discretion in denying plaintiff's motion to vacate. We are guided by section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e)), which states:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

Although an abuse of discretion standard applies on review, it has also been held that "[a] ruling on a motion to vacate must be reversed if the movant's right to fundamental justice is violated." *Day v. Curtin* (1989), 192 Ill. App. 3d 251, 254, 548 N.E.2d 670, 673, citing *Zanzig v. H.P.M. Corp.* (1985), 134 Ill. App. 3d 617, 480 N.E.2d 1204, and *Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 370 N.E.2d 95.

In this case, defendant concedes that the facts relating to the dismissal and motion to vacate are undisputed. Defendant cites as support for the trial court's ruling a local rule requiring that motions for a continuance must be filed pursuant to supreme court rules and supported by affidavit (Rule 5.02, Rules of the Circuit Court of the 12th Judicial Circuit). The court's interest in controlling its docket and preventing undue delays in disposing of pending cases, the argument continues, is a legitimate ground for rejecting plaintiff's motion to vacate a dismissal for want of prosecution when no written motion for a continuance is filed.

It is apparent to us, however, that the court's dismissal in this case did not result from any request for a continuance. From the record on appeal, it is clear that the court dismissed the cause on the

court's own motion upon learning only that plaintiff's counsel had asked attorney Carlson to appear on behalf of Weaver's firm. At the court's request, the circuit court clerk prepared a letter to plaintiff's counsel, the substance of which follows:

"On March 30, 1990, Status Call, The Honorable Judge Rodney B. Lechwar entered in the above captioned cause:

'Case called for status. Mr. Carlson appears and represents to the Court that he is not a party to this matter but was asked to appear. Being that he has no authority to make oral motion case is hereby dismissed for want of prosecution. Written order waived. Copy of minutes to all parties of record.' "

In the affidavit in support of the motion to vacate, counsel alludes to the conflicting trial engagement, but it does not state whether both Weaver and his associate, Jeffery C. Arnier, would be engaged in the Cook County trial on April 2. Thus, it is pure speculation at this point that plaintiff would have sought a continuance of the trial of this cause. Moreover, defendant neither objected to nor appeared for the April 11 hearing on plaintiff's motion to vacate. We note that counsel for both parties are Chicago firms. However, neither party has complained of any hardship for counsel's inaccessibility. In fact, there is no basis upon which to find that defendant would be prejudiced by granting plaintiff's motion.

In the absence of any factual dispute, we find that the sole basis for the court's judgment of dismissal was the absence of plaintiff's counsel of record at the March 30 status call. Under the circumstances, given attorney Carlson's "appearance" at attorney Weaver's request, Weaver's reasonable explanation for his failure to appear personally at the status call and the lack of any showing of prejudice to defendant, we find that plaintiff's right to fundamental justice was violated by the court's denial of her motion to vacate the dismissal. Accordingly, we hold that the circuit court abused its discretion in denying plaintiff's motion to vacate. We remand with directions to vacate the judgment of dismissal and to reinstate the cause.

The judgment of the circuit court is reversed.

Reversed; cause remanded with directions.

McCUSKEY and GORMAN, JJ., concur.