BOARD OF EDUCATION OF THORNTON TOWNSHIP HIGH SCHOOL DISTRICT No. 205, Petitioner, v. THE ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   No. 4—92—0500

Opinion filed September 30, 1992.

Anthony G. Scariano, David P. Kula, and Robert H. Ellch, all of Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Stephen G. Katz, of Katz, Friedman, Schur & Eagle, of Chicago, for respondent Union of Support Staff, IEA-NEA.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

■ This case concerns operation of regulations of respondent Illinois Educational Labor Relations Board (IELRB), which require that a respondent to a complaint charging an unfair labor practice must file an answer within 15 days of being served with the complaint and that failure to do so shall, upon motion of a party "be deemed an admission of all allegations in the complaint" (80 Ill. Adm. Code §1120.30(d)(3), at 387 (1991)). See 80 Ill. Adm. Code §1120.30(d)(2) (1991).

The foregoing regulation further states:

"When a party has failed to file a timely answer, leave to file a late answer may be granted by the Hearing Officer *for good cause shown.* If good cause is shown, the answer shall be deemed timely. *Good cause will include*: a written statement by the party of: ultimate facts showing a meritorious defense to

the complaint; and either *a reasonable excuse explaining the party's failure to file a timely answer*, or that the party was prevented from filing a timely answer by: fraud, act or concealment of the opposing party; accident; excusable mistake; or lack of notice, lack of jurisdiction or *other grounds traditionally relied upon for equitable relief from judgments*." (Emphasis added.) 80 Ill. Adm. Code §1120.30(d)(4), at 387 (1991).

The case on administrative review presents a situation where a lawyer for petitioner Board of Education of Thornton Township High School District No. 205 (District), while under great personal pressure, failed to file a timely answer to an unfair labor practice complaint. Although the evidence does not indicate the opposing party suffered any damage because of the delay in answering, we uphold an IELRB decision taking the allegations of unfair labor practice as admitted.

Petitioner brought this proceeding for direct administrative review of the decision of respondent IELRB which determined that the District was deemed to have admitted the allegations of a complaint for unfair labor practices filed against it by failing to timely file an answer to that complaint. The District contends the IELRB erroneously and unreasonably interpreted its foregoing procedural rule in determining the District lacked "good cause" for allowing the late filing of its answer to the complaint. We affirm.

On April 26, 1991, the instant unfair labor practice charge was filed by respondent Union of Support Staff, IEA-NEA (Union), alleging the District had renounced and rescinded a successor collective-bargaining agreement. After usual investigation procedures by IELRB, a complaint issued, and a copy of the complaint and a notice of setting of hearing was served on the District on August 15, 1991. Hearing on the complaint was set for September 30 and October 31, 1991. Upon the District's motion and agreement of the parties, the hearing was continued until November 13 and 14, 1991. According to an undisputed affidavit of District's counsel, he first discovered no answer had been filed on October 31, 1991, when preparing for the hearing with District officials. He allegedly checked with the assigned hearing officer, who confirmed that no answer had been filed. According to the affidavit, counsel then prepared and sent in an answer on November 1, 1991, but at the same time counsel for the Union filed a motion for a determination that all allegations of the complaint be taken as admitted.

The hearing officer then entered a rule on the District to show cause why the complaint should not be taken as admitted. In re-

sponse, the District filed an affidavit setting forth that the lead attorney for the case had been under great pressure because of a heavy load of educational labor relations matters and a very tragic family situation and had forgotten to answer. As answer by the District was due by Friday, August 30, 1991, and was not tendered until November 1, 1991, the answer was 63 days late.

On February 29, 1992, the hearing officer issued a recommended decision and order granting the Union's motion for default, denying the District's request to file a late answer based on a lack of good cause, and deeming the allegations of the complaint admitted by the District. *Thornton Township High School District No. 205*, 8 Pub. Employee Rep. (Ill.) par. 1024, No. 91—CA—0055—C (Illinois Educational Labor Relations Board, hearing officer's recommended decision and order, Jan. 29, 1992).

The District filed exceptions to the order, and on May 22, 1992, the IELRB adopted the hearing officer's recommended decision and order noting that the District's attorney had previously practiced before the Board and concluding the District did not have good cause to file the late answer. As IELRB deemed the foregoing reason sufficient to decide the issue of whether the complaint was to be taken as admitted, it did not decide whether the District had sufficiently set forth a meritorious defense to the charges. *Thornton Township High School District No. 205*, 8 Pub. Employee Rep. (Ill.) par. 1052, No. 91—CA—0055—C (Illinois Educational Labor Relations Board, May 26, 1992).

The portion of the aforementioned IELRB regulation permitting filing of a tardy answer upon showing "good cause" (80 Ill. Adm. Code §1120.30(a)(4), at 387 (1991)) is of comparatively recent origin. Prior to its enactment, this court decided *Mattoon Community Unit School District No. 2 v. Illinois Educational Labor Relations Board* (1990), 193 Ill. App. 3d 875, 550 N.E.2d 610, upholding an IELRB order which took the allegations of an unfair labor practice complaint as admitted because of a tardy answer. There, the school district maintained its answer was delayed because its attorney had obtained some faulty advice from an IELRB hearing officer and had filed a motion to defer the issue to arbitration in lieu of an answer. This court recognized that some circumstances might excuse a timely answer but held the circumstances there fell far short of an excuse. This court emphasized the public policy of speedy resolution of educational labor relations disputes.

The orders of the IELRB and its hearing officer here confirmed the prior IELRB interpretation of the new "good cause" provision of

its regulations in *City Colleges of Chicago No. 508*, 7 Pub. Employee Rep. (Ill.) par. 1018, No. 91—CA—0005—C (Illinois Educational Labor Relations Board, hearing officer's recommended decision and order, Dec. 31, 1990) (hereinafter 7 Pub. Employee Rep. (Ill.) par. 1018), adopted in 7 Pub. Employee Rep. (Ill.) par. 1055, No. 91—CA—0005—C (Illinois Educational Labor Relations Board, Apr. 17, 1991). The respondent there argued that failure to file a timely answer resulted from anticipation that the case would settle as well as "oversight" caused by its counsel's busy schedule. (7 Pub. Employee Rep. (Ill.) par. 1018, at IX-84.) The respondent there also claimed that a delayed hearing would not prejudice the other party and that the proffered reasons constituted "reasonable excuse" to allow the filing of a late answer.

The heart of the *City Colleges* decision, followed by IELRB here, was that the "good cause" standard of the new regulation was intended to be the standard by which a circuit court would set aside a judgment rendered more than 30 days but not more than two years earlier under section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) and its precursor, section 72 of the Civil Practice Act (CPA) (Ill. Rev. Stat. 1981, ch. 110, par. 72).

In support of its interpretation of its regulation incorporating the standard of section 2—1401 of the Code and its precursor, IELRB notes that the phrase "reasonable excuse" appearing in its regulation is also contained in the language of cases passing upon the operation of the above Code and CPA provisions.

> "To vacate a valid judgment after 30 days from its entry under [section] 72 of the Civil Practice Act defendants must show *reasonable excuse* for failure to defend within the appropriate time or that they were prevented from so doing by the fraud, act or concealment of the opposing party, accident, excusable mistake or one or more of the grounds traditionally relied upon for equitable relief from judgments. The defendants must also state ultimate facts showing a meritorious defense. *This section cannot be used to avoid the consequence of a defendant's negligence.*" (Emphasis added.) (*Stoller v. Holdren* (1964), 47 Ill. App. 2d 81, 82-83, 197 N.E.2d 492, 493.)

The supreme court also has stated that the requirements of section 2—1401 of the Code include a "meritorious defense" and submission of a *"reasonable excuse"* demonstrating due diligence. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221-22, 499 N.E.2d 1381, 1386.

The District argues that the IELRB imposed an overly narrow interpretation of its regulation by applying the standard for interpreting section 2—1401 of the Code and that cases interpreting the more lenient provisions of section 2—1301(e) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e)), pertaining to motions to vacate filed within 30 days of the entry of judgment, "provide a more apt analogue for interpreting section 1120.30(d)(4)" of title 80 of the Illinois Administrative Code. The District points out that under section 2—1301(e) of the Code, "good cause" is a requirement for vacating a default judgment. See *Baltz v. McCormack* (1978), 66 Ill. App. 3d 76, 78, 383 N.E.2d 643, 644; Ill. Ann. Stat., ch. 110, par. 2—1301(e), Historical and Practice Notes, at 400 (Smith-Hurd 1983).

As section 2—1301 of the Code concerns requests to set aside default judgments entered within the previous 30 days, it is, to that extent, more analogous to the situation where, as here, relief is sought by a party at the time the complaint against it is taken as admitted. However, the IELRB is interpreting a regulation which it enacted pursuant to its statutory rule-making power, and we must give some deference to it unless it is arbitrary or unreasonable. (*People ex rel. Margolis v. Robb* (1992), 225 Ill. App. 3d 843, 847, 587 N.E.2d 630, 633.) We also consider the policy of speedy determination of labor disputes of the nature here. (*Mattoon*, 193 Ill. App. 3d at 884, 550 N.E.2d at 616.) Clearly, the IELRB is not being arbitrary or unreasonable in its interpretation of its regulation by adopting the section 2—1401 standard.

The IELRB admits that the standard of section 2—1401 of the Code which it has adopted is stricter than that imposed under similar circumstances by the National Labor Relations Board (NLRB) under the Labor Management Relations Act, 1947 (29 U.S.C. §141 *et seq.* (1988)), also known as the National Labor Relations Act. We, nevertheless, give deference to the IELRB's interpretation of its own regulations, particularly in view of the stated need for speed in resolving disputes in educational labor matters.

The major thrust of the District's argument is that even under section 2—1401 standards, it should have been given some relief. Certainly, the lead attorney for the District is entitled to sympathy for the great stress he was under. However, as we will explain, cases decided under section 2—1401 of the Code do not hold such misfortune sufficient to grant section 2—1401 relief. Multilawyer firms are expected to have a backup system designed to avoid missed filing deadlines. We also recognize that, here, the tardiness of the District's answer was not shown to have prejudiced the Union. Rather, the case

seems to have proceeded as it would if an answer had been timely filed.

Under section 2—1301(e) of the Code, lack of prejudice to opposing parties resulting from tardy filings of pleadings has been considered very important in deciding whether a judgment should be opened (*Kessling v. United States Cheerleaders Association* (1991), 215 Ill. App. 3d 582, 584, 574 N.E.2d 1370, 1371), as has the hardship which the opposing party would suffer by being required to go to trial if a default judgment is set aside. (*Anglin v. Dearth* (1988), 175 Ill. App. 3d 367, 370, 529 N.E.2d 1176, 1179.) Similarly, the NLRB has considered these factors in regard to whether to allow a late filing. *Livingston Powdered Metal, Inc. v. N L R B* (3d Cir. 1982), 669 F.2d 133, 109 L.R.R.M. 2457; *N L R B v. Zeno Table Co.* (9th Cir. 1979), 610 F.2d 567, 102 L.R.R.M. 2540, *reh'g denied* (9th Cir. 1980), 103 L.R.R.M. 2288.

The IELRB regulation does speak of "good cause" for late filing of an answer to be granted upon the existence of "other grounds traditionally relied upon for equitable relief from judgment." (80 Ill. Adm. Code §1120.30(d)(4), at 387 (1991).) The District points out that in such cases as *Cohen v. Wood Brothers Steel Stamping Co.* (1991), 227 Ill. App. 3d 354, 358-59, 592 N.E.2d 59, 61-62, and *In re Marriage of Hoppe* (1991), 220 Ill. App. 3d 271, 282, 580 N.E.2d 1186, 1193, courts have spoken of a somewhat relaxed standard for section 2—1401 relief, based upon equitable standards. However, no case has been called to our attention where the lack of prejudice to opposing parties has been stated to be a factor for granting section 2—1401 relief except *Zee Jay, Inc. v. Illinois Insurance Guaranty Fund* (1990), 194 Ill. App. 3d 1098, 1102, 552 N.E.2d 1027, 1030. The opinion there did not indicate that lack of prejudice was a substantial factor in the court's affirmance of a grant of section 2—1401 relief from a judgment.

■ We do not find sufficient precedent under section 2—1401 of the Code for us to overturn the IELRB decision on the basis that no prejudice resulted from the District's failure to answer within 15 days. Rather, we must look to the question of whether the District had "good cause" arising from a "reasonable excuse" for the late filing. As we have indicated, that does not exist. Tardiness arising from illness of a party has not required section 2—1401 relief. See *Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1022, 410 N.E.2d 1166, 1172; *Morski & Associates, Inc. v. R & R Resources, Inc.* (1990), 198 Ill. App. 3d 359, 363, 555 N.E.2d 1044, 1047.

In *Elfman v. Evanston Bus Co.* (1962), 36 Ill. App. 2d 469, 184 N.E.2d 787, *rev'd on other grounds* (1963), 27 Ill. 2d 609, 190 N.E.2d 348, the court found that counsel's failure to respond to a summons caused by stress from the illness and death of his mother was not a sufficient excuse for a lack of diligence:

> "Nor do we consider that the press of other business, or absence from the city, or the mental strain involved in family illness and death, constitute sufficient justification for the lack of diligence shown by this record. If this attorney was unable to attend to the case, it was plainly his duty and the duty of defendant to employ another attorney who could attend to it. When counsel for defendant is a law firm and not an individual practitioner, the failure to arrange for the services of another attorney becomes even less excusable." *Elfman*, 36 Ill. App. 2d at 477, 184 N.E.2d at 791.

Even under the NLRB standard of "good cause," inadvertence due to work load or illness is insufficient. See *Urban Laboratories, Inc.* (1980), 249 N.L.R.B. 867, 104 L.R.R.M. 1233 (nonlawyer respondent was preoccupied with other matters); *Jones* (1983), 267 N.L.R.B. 906, 114 L.R.R.M. 1151 (inadvertence and neglect of its attorney); *Ancorp National Services, Inc.* (1973), 202 N.L.R.B. 513, 82 L.R.R.M. 1734 (respondent's officer in charge of labor relations was seriously ill); *United States Telefactors Corp.* (1989), 293 N.L.R.B. 567, 131 L.R.R.M. 1239 (settlement was expected, respondent's attorneys had an unusually heavy work load and one of its attorneys was ill); *Father & Sons Lumber & Building Supplies, Inc.* (1989), 297 N.L.R.B. 437, 133 L.R.R.M. 1192 (respondent was busy with other matters and there was a breakdown in staff communications).

Finally, we note that when passing upon requests for relief under section 2—1401 of the Code and section 72 of the CPA courts have been held to have some discretion. (*Halle v. Robertson* (1991), 219 Ill. App. 3d 564, 568, 579 N.E.2d 1243, 1246; *Capitani v. Miller* (1979), 68 Ill. App. 3d 702, 705, 386 N.E.2d 96, 99.) Logically, the IELRB was similarly possessed of some discretion in ruling here. Particularly in view of the expressed policy of speedy resolution of educational labor relations disputes (*Mattoon*, 193 Ill. App. 3d at 884, 550 N.E.2d at 616), we find no abuse of discretion occurred. Accordingly, we affirm.

Affirmed.

KNECHT and LUND, JJ., concur.